No. 53.—WILEY TYLER, plaintiff in error, *vs.* SOLOMON STE-
PHENS and another, adm'rs, &c. defendants.

[1.] The testimony of a subscribing witness to a submission and award, is the
best evidence of their execution.

[2.] In a bill filed to set aside an award, the defendant may rely upon the
award in defence without pleading it.

[3.] Ignorance of one's legal rights in ratifying an award: *Held* not to be suffi-
cient to set it aside.

In Equity, in Upson Superior Court. Tried before Judge
FLOYD, April Term, 1849.

In 1840, Wiley Tyler purchased of Charles Cox a tract of
land, and being unable to pay for it, it was agreed that the deed
should be made to John Stephens, who should pay the purchase
money, and retain the deed until Tyler re-paid him the amount
advanced; for which amount Tyler gave Stephens his note, after
deducting about $100, due from Stephens to Tyler. In March,
1843, Stephens died, having in his possession both the deed
and the note—Tyler being in possession of the land. Difficulties
having arisen about this matter between Tyler and the adminis-
trators of Stephens, in February, 1844, the same were submitted
to arbitrators, selected by the parties. In the written submission
there was the following clause: "It is understood and agreed,
that each party has the right to reject said arbitration or award,
and that nothing said or done is to operate against them, in fu-
ture, in Law or Equity."

The arbitrators returned an award, requiring the administra-
tors of John Stephens to deliver up to Tyler his note, and that
Tyler deliver up the possession of the land. Upon the award
was indorsed and signed by both parties, their ratification, and in
pursuance of the award, the land and note were mutually deliv-
ered up. Both the submission and ratification of the award were
attested by O. C. Gibson.

Subsequently, Tyler filed a bill, charging the foregoing facts,
and alleging that he had paid off the note to John Stephens du-
ring his life; that the award was obtained fraudulently, and if he
had ever ratified it, it was in ignorance of his rights, he believing
that under the terms of the submission he would not be estopped

by the award at any time ; that he had discovered evidence since the award, material to him.    The bill prayed the conveyance of the land, notwithstanding the award.

The answer denied every equitable allegation in the bill.

Upon the trial at April Term, 1849, O. C. Gibson, the attesting witness, was offered to prove the submission and the ratification.    Counsel for complainant objected, because the best evidence was the arbitrators themselves.    The Court overruled the objection, and exceptions were filed.

The submission, award and arbitration were offered by defendants, and objected to by complainant, because there was no plea of the award or cross bill setting it up in bar, and because the submission was signed by the administrators as individuals, and not in their trust capacity.    The Court overruled the objection, and exceptions were filed.

Counsel for complainant requested the Court to charge the Jury, " That if Tyler accepted the note and gave up the possession of the land, in ignorance of his rights, and believing this was no ratification, it was not binding on him under the circumstances."

The Court refused so to charge, but said to the Jury, that if the complainant ratified the award, he was concluded by it, unless the award was collusive and fraudulent.

To which charge, and refusal to charge, complainant excepted.

EVANS and HAMMOND, for plaintiff in error.

EZZARD, representing GIBSON, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] It is claimed, here, that the Court erred in admitting the evidence of Mr. Gibson to prove the execution of the submission, the award, and the written ratification of the award.    I cannot see upon what ground the exception goes.    He is the subscribing witness to all these papers, and the very witness to be produced. His is the best and highest evidence, and if he can be produced, and can be examined, he must be produced.    1 *Phillips' Evid.* 464, 465.

[2.] Again, it is claimed that the Court erred in admitting the

submission and award, because they were not pleaded.  The plain-
tiff in error insists that the defendant cannot avail himself of
those in defence, but by plea or by his cross bill.  How can this
be so, when the complainant sets out the submission and award,
and charges that they are void?  The answer sets up the award
in defence, it being responsive to the bill.  Both the bill and an-
swer put it in issue.  There is surely nothing in this exception.

[3.] The plaintiff in error asked the Court to instruct the Jury,
that " If  Tyler, (the plaintiff,) accepted the note, and gave up the
possession of the land, in ignorance of his rights, and believing
that this was no ratification, it was not binding on him under the
circumstances."  The Court declined so to instruct the Jury, and
that is excepted to.   The note referred to and the land were the
matters submitted to arbitration.    The award was, that the de-
fendant deliver the *note* to the plaintiff, and that plaintiff deliver
the *possession of the land* to the defendant: which was done,
and thus the award was ratified by execution.  Not only so, but
the parties executed a written ratification of the award, on the
day it was made.   In the submission, it is stipulated that each
party had the right to reject the award, and that " nothing said or
done is to operate against them in future, in Law or in Equity."
These are the circumstances of the case.  Under these circum-
stances, the request is, that the Court charge the Jury, that if they
believe that plaintiff accepted the note, and gave up the land, in
ignorance of his rights, and believing that this was no ratification,
it was not binding on him.   *Ignorance* of the law will excuse no
man—*mistake* sometimes will.  (See *ante, Culbreath vs. Culbreath,
decided at Americus, in July,* 1849.)  But a party cannot be relieved
from the consequences of a mistake of the law even, unless it is
clearly proven; and it would be a presumption, in the teeth of all
the facts, to suppose that there was ignorance even, in this case,
on the part of the plaintiff, of any legal rights.  A submission is
solemnly made—an award rendered—a written ratification of the
award—an acceptance of the note awarded to him, and a surren-
der of the possession of the land awarded to his adversary—and
still the plaintiff claims to open the award, because of his igno-
rance of the legal consequences of his acts.  If ignorance could
relieve him, (and it cannot,) ignorance cannot be *imagined* from
these facts, all disclosed by the record.  Stress was laid in the
argument upon that stipulation in the submission, to the effect that

nothing said or done by either party, should operate against them in future, in Law or in Equity. If that is construed to mean that neither party should be estopped by the award, if they thought proper to reject it, yet still it became binding when they ratified it. If it is claimed to mean that each party might ratify and execute the award, and still open the whole to litigation whenever they please to do so, I can only say, that such a thing is too absurd to be believed or entertained for a moment. I apprehend that all the parties meant by it was, that if the award was finally rejected, their sayings and doings, in their efforts at an arbitration, should not be evidence against them in future litigation. An award is conclusive at Law, upon the parties, as to all matters submitted and acted upon by the arbitrators. Equity will set it aside for fraud and some other causes, but not for a party's ignorance of his legal rights. Certainly not under circumstances like those developed in this case. The presiding Judge instructed the Jury right, when he told them, that if the parties ratified the award, it was conclusive on them, unless it was collusive and fraudulent.

Let the judgment be affirmed.