18482.  FLOYD, administratrix, *v.* FLOYD, administrator.

BROYLES, C. J.  1.  The bill of exceptions contains two assignments of error, the first upon the judgment overruling the defendant's motion to dismiss the petition, and the second upon the final judgment of the court (sitting without a jury) in favor of the plaintiff.  The first assignment of error was not preserved by exceptions pendente lite, and the judgment excepted to was rendered on August 3, 1927, while the bill of exceptions was not tendered to the judge until September 3, 1927.  It follows that the first assignment of error can not be considered by this court.

2. Under all the facts of the case as disclosed by the record, the judgment in favor of the plaintiff was not error for any reason assigned.  This case was not a controversy between coadministrators as to a division of their commissions, and the decision in *Groover* v. *Ash,* 132 *Ga.* 371 (64 S. E. 323, 22 L. R. A. (N. S.) 1119, 131 Am. St. R. 201), is not applicable.  *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1927.

Appeal; from Bulloch superior court—Judge Strange.  August 15, 1927.

This case arose on a temporary administrator's petition to the court of ordinary for discharge from his trust.  The petition as amended alleges, that Mrs. Ethel M. Floyd has been appointed and has qualified as the permanent administratrix on the estate of F. F. Floyd, deceased, of which the petitioner is temporary administrator; that as temporary administrator he collected the personal property of the estate, such as jewelry, books, and other such property, and executed proofs upon seven insurance policies, and collected the proceeds, amounting to $24,271.85, and turned

Appeal and Error, 3 C. J. p. 952, n. 24.
Executors and Administrators, 24 C. J. p. 1000, n. 54.

over the same to the said permanent administratrix; that he turned over to her all assets and property of the estate, and she gave him a receipt (a copy of which was attached to the petition) for specified property, but refused to give him a receipt in full and complete settlement; that her refusal to do this was without good or sufficient reason; that, waiving all compensation for collecting and protecting the property of the estate except the $24,271.85 mentioned above, he should receive on that sum at least 2-1/2 per cent., amounting to $605.78, as a minimum and reasonable compensation for giving bond, collecting and preserving the property of the estate, and delivering it to the permanent administratrix. The permanent administratrix, in her answer, denied that she was withholding without reason a receipt in full, and admitted that the plaintiff was entitled to "some small amount of compensation as temporary administrator, in proportion to the service rendered, which service [she alleged] consisted in the signing of two proofs of claim on life-insurance policies, which proofs were prepared by other persons, and endorsing and depositing in banks the checks for said insurance." She prayed that the court would fix the amount of compensation properly due for the petitioner's services as temporary administrator, with direction that it be credited on his indebtedness to the estate. On appeal, in the superior court, the permanent administratrix moved to dismiss the petition, because the court of ordinary was without jurisdiction of a controversy between administrators as to a proper division of commissions, and the movant cited in support of this contention the case of *Groover* v. *Ash,* 132 *Ga.* 374. This motion was overruled, and in the bill of exceptions error is assigned on the ruling. The court, after hearing evidence, held that the temporary administrator was "entitled to the same compensation for handling and receiving money belonging to the estate that a permanent administrator would be," and that "the question of fixing fees where two administrators have been appointed and are acting as such is not involved in this case," and adjudged that the temporary administrator recover 2-1/2 per cent., amounting to $605.78, on the amount received, "as provided by law for administrators," the court being of the opinion that "the court has no legal right or authority to fix said fees at any other amount." The permanent administratrix assigned error on this judgment.

*Hinton Booth,* for plaintiff in error.
*Howell Cone, Deal & Renfroe,* contra.