## 21349.   JACKSON v. THE STATE.

Decided June 9, 1931.

E. F. Goodrum, for plaintiff in error.
Charles H. Garrett, solicitor-general, contra.

Luke, J.   The indictment in this case charges Ernest Gainor, Eugene Jackson, and James Staley with breaking and entering Silver Moon Café on September 21, 1930, and taking therefrom certain money and a watch.   Gainor and Staley pleaded guilty. Eugene Jackson, plaintiff in error, pleaded not guilty, but was convicted of the offense charged.   His exception here is to the judgment overruling his motion for a new trial, which contains the general grounds and one special ground alleging that the trial judge erred in failing to charge without request the law pertaining to proof of the defendant's good character.

The evidence is clear and uncontradicted that a burglary was committed as alleged.   Both Ernest Gainor and James Staley testified in effect that Eugene Jackson kept watch for them while they broke into and robbed the café.   E. L. Foster, a detective, testified that he assisted in arresting all three of the defendants, and that each of them made a voluntary confession of the alleged burglary; that "the defendant Jackson said he was outside on watch, . . said he was a party to the burglary, . . that he stood outside the café and watched during the entry;" and that Jackson voluntarily signed a written confession which was carefully read over to him before he signed it.   It appears from the record that "this statement was an admission that the defendant knew in ad-

vance that the burglary of the café was to be perpetrated, and · agreed to watch while Staley and Gainor went in, and that he went with them to a place near the café for that purpose." In his statement to the jury, the defendant denied taking any part in the alleged burglary. He also produced witnesses who testified to his good character. The corpus delicti was proved independently of both the defendant's alleged confession and the testimony of his two accomplices.

According to the record in this case, the verdict of guilty is amply supported by the evidence. Therefore, under the law, this court is bound to hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

As to the special ground, we see nothing in this case to take it out of the general rule that in the absence of a request it is not reversible error for the trial judge to fail to charge the jury upon the effect of the good character of the defendant. In this connection see *Scott* v. *State,* 137 *Ga.* 337 (73 S. E. 575) ; *Greer* v. *State,* 159 *Ga.* 85 (7) (125 S. E. 52) ; *Albea* v. *State,* 40 *Ga. App.* 503 (150 S. E. 434).

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*