21488. OZBURN *v.* NATIONAL UNION FIRE INSURANCE COMPANY.

34

DECIDED FEBRUARY 23, 1932.  REHEARING DENIED MARCH 5, 1932.

*J. Wightman Bowden, John O. Owen,* for plaintiff.
*Smith, Hammond, Smith & Bloodworth,* for defendant.

BELL, J. (After stating the foregoing facts.)

The municipal court of Atlanta was on May 1, 1925, a court of record within the meaning of the act of 1916 providing for the appointment of an umpire to officiate with appraisers in ascertaining the loss under an insurance policy, where the appraisers disagree as to the person to be chosen umpire. A judge of such municipal court was therefore qualified to appoint such an umpire; and this is true notwithstanding the jurisdiction of the municipal court may have been limited to cases in which the sum claimed or sued for was less than the face amount of the policy or the amount claimed thereunder, the appointment of an appraiser, under the act of 1916,

not being a judicial act. Ga. L. 1914, p. 178, § 4; Ga. L. 1916, p. 128; *Planters & Mechanics Bank* v. *Chipley*, 1 *Ga. Dec.* 50; *Philadelphia Underwriters* v. *Folds*, 156 *Ga.* 773 (2) (120 S. E. 102).

■ A clause in an insurance policy which provides that in the event of disagreement as to the amount of the loss the same shall be ascertained by two competent and disinterested appraisers, one to be selected by the insured and one by the company, and the two as thus chosen to select a competent and disinterested umpire, and that "the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss," does not in express terms require that the award shall be signed by "any two" who shall determine the loss, but the language is that the award shall be in writing. While an award made under such a stipulation is neither a common-law nor a statutory award, but is a mere contractual method of ascertaining the loss, it would seem that in the absence of an express requirement that the same should be signed by the appointees concurring therein, the rule as to signatures which obtains in reference to common-law awards would be applicable. In the case of *Sheffield* v. *Clark*, 73 *Ga.* 92 (2), the Supreme Court held that "an award signed by the umpire alone, or by the umpire and one of the arbitrators, is good." That decision was in reference to a common-law award, and was based upon what is now section 5026 of the Civil Code (1910). See also in this connection 5 C. J. 117, § 270. It follows that the award in the present case, which showed that it represented the joint finding of the umpire and one of the appraisers, though signed by the umpire alone, was "an award in writing of any two" within the meaning of the policy.

■ The failure of the appraisers to ascertain and state the sound value of the property in accordance with the stipulation as to appraisal might, perhaps, have rendered the award subject to objection duly made, the policy not being a "valued policy" with a total loss thereunder. *McInnes* v. *Southern Home Insurance Co.*, 142 S. C. 348 (140 S. E. 696); *Springfield Fire Insurance Co.* v. *Homewood*, 32 Okla. 521 (122 Pac. 196, 39 L. R. A. (N. S.) 1182). But since the real purpose of the award was to show the amount of the loss (*Eberhardt* v. *Federal Insurance Co.*, 14 *Ga. App.* 340 (2),

80 S. E. 856), and since this was done in general terms, the mere failure of the appraisers to state the sound value as one of the facts forming the basis of their conclusion, did not render the appraisal and return absolutely void, but the defect was such as could be waived by the parties.

It appears that in a previous trial the award was admitted in evidence without any objection by the insurer, although it was attacked in the pleadings and the evidence of this party upon certain grounds other than the one stated, and that the case was thereafter litigated through a verdict and judgment in favor of the defendant, followed by the grant of a new trial to the plaintiff. In these circumstances the defendant should be held to have waived any right to object to the award on the second trial upon the ground that it failed to state the sound value, and to have ratified the award as returned in so far as that defect was concerned. The defect appeared upon the face of the document and was therefore necessarily within the knowledge of the parties. An appraisal and award of this kind should be subject to waiver and ratification upon the same principles as are applicable in cases of common-law and statutory awards, and where a known defect is one which renders the award merely voidable, and not void, any act or omission in legal proceedings or otherwise which is inconsistent with an intention to reject or disaffirm the award because of such defect may be accepted as evidence of a waiver of such defect. Under the facts of this case as recited in the plaintiff's motion for a new trial, the trial court erred in not holding, as a matter of law, that the defendant had waived its right to object to the award upon the ground that it failed to state sound value. See, in this connection, *Tyler* v. *Stephens,* 7 *Ga.* 278 (2); *Pike* v. *Stallings,* 71 *Ga.* 860 (5); *Clark* v. *Thurmond,* 46 *Ga.* 97; 5 C. J. 170-172; 2 Am. & Eng. Enc. Law (2d ed.) 170.

Be it understood that we do not hold that a mere failure to object to evidence upon some ground on one trial will prevent a party from objecting to the evidence upon that or any other ground on a subsequent trial, where the evidence is subject to the objection finally made under the common rules of evidence. That is not this case. An award is in the nature of a contractual agreement made for the parties by arbitrators, and the failure to state sound value is a defect going merely to a lack of specification as to one of the facts upon which the conclusion as to the amount of the loss was predicated;

and certainly it was such a matter as could be waived by the parties. We are dealing solely with an incident of a contract and the question of waiver in relation thereto, and the ruling made does not begin to hold that evidence which does not meet the rules of law relating to the competency of evidence can be introduced over an otherwise good objection, merely because it was admitted at some previous trial when no such objection was made. It was said in the *McInnes* case, supra, that such an award was void, but we apprehend that the court intended to hold only that it was voidable upon a proper objection duly made. No element of waiver or ratification appears to have entered into that case.

■ The award as offered in evidence was not subject to any of the other objections made. It follows that the court erred in excluding the award from evidence, and in thereafter directing a verdict in favor of the defendant. The appellate division of the municipal court properly ordered a new trial, and the superior court erred in sustaining the certiorari.

Moreover, it would seem that in any view the case was not one for the direction of a verdict, but that upon the failure of the plaintiff to prove his case the court should have granted a nonsuit, since the failure of the plaintiff's proof was due to the exclusion of evidence and he could not have moved to take a nonsuit without waiving the right to except to the ruling upon the admissibility of such evidence. *Kaylor* v. *Bank of Carrollton*, 37 *Ga. App.* 664 (2) (141 S. E. 422).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR REHEARING.

The original opinion in this case, with some modification made upon a consideration of the motion for a rehearing, will dispose of all questions raised by the motion, except the question as to waiver which was dealt with in the third division of the opinion. It is contended in the motion for rehearing that the failure of the arbitrators to state the sound value of the property was a fatal defect, for the reason that the policy provided that the insurance company would have the option "to take all or any part of the articles at such ascertained or appraised value;" in other words, that under an award which separately fixes the sound value and the damage, the insurer is given the option either to pay the loss and damage without more, or to pay the sound value and take the property. It is our opinion that this was also a right which the insurance company could waive,

and that what was said in the original opinion would not be inapplicable because of the option privilege referred to.

A further contention now made on the question of waiver is that we misconstrued the record and the assignments of error in the plaintiff's motion for a new trial, in stating that in the previous trial the award was admitted in evidence without any objection by the insurer. This statement was based upon ground 18 of the motion for a new trial, as filed by the plaintiff, which in form was as follows: "Because, as contended, the Court of Appeals on the first trial of this case, when the award was in evidence without objection, held that the evidence did not demand a verdict for the defendant, whereas in the second trial the court excluded the award on the ground that it was void, and then held that the evidence did demand a verdict for the defendant; and for this reason the court erred, and a new trial should be granted the plaintiff." This was alleged as one of the reasons why the "ruling of the court that the award was void, excluding it from the evidence, and directing a general verdict for the defendant, was error." This ground was expressly approved by the trial judge, and the question arises as to whether it contained a recital of fact as to the admission of the award in evidence upon the first trial without objection, or whether it was a mere contention or conclusion upon the part of the plaintiff, to be construed in the light of the record. Aside from the motion for a new trial, there is nothing to show what occurred as to objections upon the previous trial; that is to say, the record is silent as to whether the award was then admitted in evidence over objection or without objection. The motion for a new trial, therefore, is not in conflict with the record. It follows that the rule that a ground of a motion for new trial is invalid where it is contradicted by the record (*Trammell* v. *Shirley,* 38 *Ga. App.* 710, 712, 145 S. E. 486) can have no application in the present case, and the only matter for determination is whether the motion for a new trial should be construed as containing a recital of fact rather than a mere contention. "There is a wide difference between the effect of the verification of statements contained in assignments of error which are determinable by examination of the record and the verification of statements relating to incidents of the trial extraneous from the record. As to the former, the record will control in cases of doubt; while every statement of fact as to any matter relating to incidents of the trial

dehors the record will depend for its verification upon the approval of the trial judge." *Fruit Dispatch Co.* v. *Roughton-Halliburton Co., 9 Ga. App.* 108 (2) (70 S. E. 356). See also, in this connection, *Southern Railway Co.* v. *Flemister,* 120 *Ga.* 524 (2) (48 S. E. 160). Since the statement in the motion for a new trial that the award was admitted in evidence upon the previous trial without objection is not disputed by the record, but is in reference to a matter dehors the record, its verification by the trial judge must be taken as true, and the case as now made should be disposed of accordingly. The fact could have been brought to the attention of the trial judge by statements or admissions of counsel when the award was offered in evidence upon the last trial, and in the decision of the questions now presented this court must assume that the fact was established before the trial judge in some way.

In the motion for rehearing it is claimed for the insurance company that the recital referred to is untrue as a matter of fact, in that the introduction of the award was objected to upon the first trial upon the same grounds as were urged upon the second trial; although, since the award was then admitted in evidence, and the trial resulted in a verdict in favor of the defendant, followed by an appeal from the trial court taken only by the plaintiff, the record on the first trial (*National Fire Insurance Co.* v. *Ozburn,* 38 *Ga. App.* 276, 143 S. E. 623), did not show the specific objections made by the defendant to the introduction of the award in evidence at that time. With all deference to counsel, we can not consider this statement to the extent of allowing it to overthrow the *approved* grounds of the motion for a new trial, as presented for consideration at this time. It is to be regretted if by some mistake or inadvertence this court is now dealing with a moot case. Perhaps the record may be clarified upon the next trial; but in the meantime we will express no opinion as to whether the insurance company may be relieved of what is now an apparent waiver of the defect in the award. It may be said that in ground 18 of his motion for a new trial the plaintiff was seeking only to invoke "the law of the case" as ruled in the first decision of the case by this court. Be that as it may, the statement of fact is nevertheless included as a part of such ground, and from what has been said such statement can not be ignored in the consideration of the case as now presented.

We do not sustain the plaintiff's contention as to the applicability

of the law of the case. There is a material difference between the present and the previous records. Upon the first trial the plaintiff introduced evidence in support of the first count of the petition, which sought a recovery without reference to the award, and the evidence tended to prove the loss and damage independently thereof. Hence, a verdict for the plaintiff would have been authorized upon that trial, notwithstanding the award may have been void, its invalidity not being attributable to any fault on the part of the plaintiff. *United States Fidelity & Guaranty Co.* v. *Corbett*, 35 *Ga. App.* 606, 612 (134 S. E. 336); *Insurance Company of North America* v. *Folds*, 35 *Ga. App.* 720 (4) (135 S. E. 107); *Atlas Assurance Co.* v. *Williams*, 158 *Ga.* 421 (123 S. E. 697). In the trial now under review the plaintiff relied solely upon the second count of the petition, in which he sought to recover the amount of the damage as determined by the award alone, and introduced no other evidence as to the amount of the damage. It is therefore apparent that the law of the case does not control the present controversy.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*