23156. NATIONAL UNION FIRE INSURANCE COMPANY
*v.* OZBURN *et al.,* executors.

Decided February 21, 1934.
Adhered to on rehearing, March 3, 1934.

*Smith, Smith & Bloodworth,* for plaintiff in error.

*J. Wightman Bowden, John O. Owen,* contra.

STEPHENS, J. In the petition for certiorari error was assigned on only so much of the judgment of the appellate division as places a condition upon what the plaintiffs in certiorari allege is a judgment of affirmance. They except to nothing else. Their objection is based solely upon the ground that the appellate division was without legal authority to render a judgment on condition. They contend that under the municipal court act the appellate division can render only a judgment of affirmance or reversal unconditionally. In support of this contention they rely upon the decision in

*Adair* v. *Allen,* 18 *Ga. App.* 636 (86 S. E. 1099), which construes the original municipal court act of 1913, wherein it is provided that the appellate division, in passing upon motions for new trial, shall "pass an order sustaining or overruling" the motion. Ga. L. 1913, p. 145, §§ 41, 42(f). However, by an amendment of 1925 to the municipal court act, it is provided that the appellate division has the power to "grant or refuse new trials and render final judgments." (Ga. L. 1925, p. 370, § 41.)

It is immaterial, in so far as the question here presented is concerned, whether the appellate division has authority to render a conditional judgment. If the appellate division possesses such authority, there is no merit in the only assignment of error in the petition for certiorari, which excepts to the judgment of the appellate division only upon the ground that the appellate division possesses no such authority.

There is in the judgment of the appellate division no judgment of affirmance with a condition placed upon it as plaintiffs in certiorari contend. The judgment of the appellate division provides for a judgment of affirmance which is to take effect only upon a condition, the condition being that the plaintiffs shall within ten days write off the interest contained in the judgment of the trial judge; and in the event this is not done, the judgment of the trial judge is reversed. Since the judgment of affirmance takes effect upon the condition named, a removal of this condition, as is insisted upon by the plaintiffs in certiorari, would necessarily destroy any judgment of affirmance which may inhere in the judgment of the appellate division. This would, of courses, leave nothing for the plaintiffs in certiorari to stand upon.

If the judgment of the appellate division can be construed as affirming a judgment of the trial judge, the judgment is affirmed only to the extent of $1200 principal and the $400 found for the attorney's fee, and is not affirmed as to the judgment finding the sum due for interest. Irrespective of the legality or illegality of the condition as to writing off the interest, the mere presence of this clause in the judgment clearly indicates that there is nothing in the judgment of the appellate division which can authorize a construction of that judgment as being one affirming the judgment of the trial judge in awarding interest to the plaintiff.

If the condition that the plaintiffs write off the interest be

stricken from the judgment, as is contended for by the plaintiffs in certiorari, and there is left what they term a judgment of affirmance, the result will not be a judgment of affirmance of the amount found as principal, attorney's fees, and also the amount found as interest, for the appellate division has not rendered such a judgment. It has rendered no judgment of affirmance except on condition that the amount found as interest be stricken. The plaintiffs in certiorari seek, by their exceptions to the judgment of the appellate division, to strike the condition upon which the judgment of affirmance is to go into effect and thereby enlarge the judgment of the appellate division and write into that judgment that which the appellate division never put in it and never intended to put in it, an affirmance of the judgment of the trial court awarding interest to the plaintiffs.

The judgment of the appellate division provides for a judgment of affirmance only upon condition that the plaintiffs within ten days write off the interest in the judgment of the trial court. It further provides that in the event this is not done, the judgment of the trial court "stands reversed." Since this condition did not happen within the time provided, as is conceded by the plaintiffs in certiorari in their petition, there is no judgment of affirmance. By the very terms of the judgment as rendered by the appellate division, the only judgment which has gone into effect is a judgment of reversal of the judgment of the trial court.

Since the conditional clause in the judgment rendered by the appellate division has become abortive and ineffectual because of a noncompliance with the condition, the judgment stands to all intents and purposes as if the affirmance upon condition were stricken and eliminated therefrom. The judgment thus left standing is one of reversal. This judgment is not excepted to, since the assignments of error of the plaintiffs in certiorari are directed solely to that portion of the judgment which affirms the judgment of the trial judge upon condition. There is no such judgment, because the condition never happened. The assignments of error contain no exceptions to an existing judgment.

If the assignments of error of the plaintiffs in certiorari could be construed as excepting to the judgment of reversal which is the only judgment rendered by the appellate division, they are directed solely to the judgment of reversal in so far as it reverses the judg-

ment of the trial court awarding interest to the plaintiffs, and solely upon the ground that the judgment of reversal was error. There is no exception to the judgment of reversal in so far as it reversed the judgment for the plaintiffs for the principal and attorney's fees. Since the judgment reversing the judgment of the trial court, in so far as it finds for the plaintiffs for the principal and attorney's fees, is not complained of, there necessarily appears no error in the reversal of the judgment of the trial court in so far as it awards interest to the plaintiffs. The portion of the judgment of the trial court finding interest for the plaintiffs, of course, can not stand when the judgment finding for the principal is reversed and set aside. The judgment finding interest can be supported only upon the judgment finding the principal.

The judge of the superior court erred in sustaining the certiorari, and rendering final judgment for the plaintiffs in certiorari for the full amount of the judgment, including interest, rendered by the trial judge in the municipal court.

The plaintiffs in certiorari, who are the defendants in error here, request that, in the event this court holds that the superior court erred in sustaining the certiorari, direction be given allowing the plaintiffs time within which to write off the interest, and, upon so doing, that the judgment of the trial judge with the item for interest stricken, be affirmed. The plaintiffs in certiorari have made no exception which authorizes the superior court to reverse or modify the judgment of reversal, which is the only judgment rendered by the appellate division, and the superior court has no power to modify it. The request for direction must be refused.

The judgment of the superior court sustaining the certiorari and entering final judgment for the plaintiffs for the full amount, including the interest, thereby reversing the judgment of the appellate division sustaining the judgment for the plaintiffs, which was a judgment reversing the trial judge, was error. The certiorari should have been overruled and the judgment of reversal by the appellate division been allowed to stand.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*