24432. NATIONAL UNION FIRE INSURANCE COMPANY
*v.* OZBURN, executrix, *et al.*

DECIDED APRIL 8, 1935. REHEARING DENIED MAY 24, 1935.

*Smith, Smith & Bloodworth,* for plaintiff in error.
*J. Wightman Bowden, John O. Owen,* contra.

BROYLES, C. J. This is the fifth appearance here of this case. Its former visits are recorded in 38 *Ga. App.* 276 (143 S. E. 623), 42 *Ga. App.* 393 (156 S. E. 305), 45 *Ga. App.* 33 (163 S. E. 321), and 48 *Ga. App.* 571 (173 S. E. 492). As reported in 45 *Ga. App.,* supra, this court held, in substance, that the award was defective and voidable because it failed to state the "sound value" of the subject of insurance, as required by the terms of the policy of fire insurance, and that the award should have been rejected when tendered in evidence but for the fact that the record disclosed that the insurer had waived its right to object to the award, the court holding that under the averments and facts set forth in the record *then* before it, "the insurer must be held to have waived the right to object to the award upon the ground that it failed to state sound value as well as damage, as contemplated by the policy."

*The holding that the award was defective and voidable has become the law of the case.* However, the further holding that the insurance company had waived its right to object to the award, for the reason hereinafter stated, has not become the law of the case. The waiver holding in the 45 *Ga. App.* was based upon the ground that "it appears that in a previous trial the award was admitted in evidence without any objection by the insurer, although it was attacked in the pleadings and the evidence of this party upon certain grounds other than the one stated, and that the case was thereafter litigated through a verdict and judgment in favor of the defendant, followed by the grant of a new trial to the plaintiff," and that the insurer, by failure in the first trial to object to the admission of the award on the ground that it failed to state "sound value," had waived the right to so object on any subsequent trial. However, on a motion of the insurer for a rehearing, Judge Bell (speaking for this court), said: "In the motion for rehearing it is claimed for the insurance company that the recital referred to [that the award was admitted in evidence on the previous trial without objection] is untrue as a matter of fact, in that the introduction of the award was objected to upon the first trial upon the same grounds as were urged upon the second trial; although, since the award was then admitted in evidence, and the trial resulted in a verdict in favor of the defendant, followed by an appeal from the trial court taken only by the plaintiff, the record on the first trial (38 *Ga. App.* 276, 143 S. E. 623), did not show the specific objections made by the defendant to the introduction of the award in evidence at that time. With all deference to counsel, we can not consider this statement to the extent of allowing it to overthrow the *approved* grounds of the motion for a new trial as presented for consideration at this time. It is to be regretted if by some mistake or inadvertence this court is now dealing with a moot case. Perhaps the record may be clarified upon the next trial; but in the meantime we will express no opinion as to whether the insurance company may be relieved of what is now an apparent waiver of the defect in the award." Upon the trial now under review, the record was "clarified" by the introduction in evidence of pendente lite exceptions, certified on the first trial, and showing that on that trial the introduction of the award was objected to on the ground, among others, that it failed to state the "sound value" of the subject of

insurance. Therefore, it now clearly appears from the record that the insurance company had not waived its right to object to the admission of the award in evidence upon the ground stated; and that the former holding of this court that the insurance company had waived its right to make such objection was based upon an erroneous and incomplete record. In the trial now under review, the plaintiff relied solely upon the second count of the petition in which he brought suit upon the award only, and abandoned the first count which was an action on the policy of insurance. It follows that since the court erred in admitting the award in evidence, a new trial is required. Upon the next trial, if the facts are substantially identical with those of the last trial, the award should be excluded from the evidence and a nonsuit granted.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*