25379. OZBURN, executrix, *et al. v.* NATIONAL UNION FIRE INSURANCE COMPANY.

DECIDED JULY 9, 1936.

*J. Wightman Bowden, John O. Owen,* for plaintiff.
*Smith, Smith & Bloodworth,* for defendant.

JENKINS, P. J. The plaintiff sued the insurance company in the municipal court of Atlanta on a fire-insurance policy, originally by two counts, the first on the policy itself, and the second on an award under the policy by an appraiser and umpire. The first count was voluntarily stricken; and an amendment seeking to restore it having been disallowed, the last trial was on the second count alone. This is the sixth appearance of the case in this court. The history of the previous trials and holdings is reported in 38 Ga. App. 276 (143 S. E. 623) ; 42 Ga. App. 393 (156 S. E. 305) ; 45 Ga. App. 33 (163 S. E. 321) ; 48 Ga. App. 571 (173 S. E. 492) ; 51 Ga. App. 299 (180 S. E. 238). On the first trial the verdict was for the defendant; the superior court, on certiorari, granted a new trial; and this court affirmed that judgment. On the second trial the court directed a verdict for the defendant; the appellate division of the municipal court granted a new trial; the superior

court dismissed the certiorari of the defendant, on the ground that there was no proper assignment of error; on a reversal of that ruling by this court the superior court reversed the judgment of the appellate division. This court reversed the judgment of the superior court. On the third trial, the verdict was for the plaintiff; the appellate division affirmed the judgment on condition; on refusal of the plaintiff to comply therewith, the superior court sustained her certiorari; and this court reversed the judgment and remanded the case for a new trial. On the fourth trial the verdict and judgment were for the plaintiff; and this court reversed the judgment. On the fifth and last trial a nonsuit was granted. The bill of exceptions was tendered to the trial judge on October 24, 1935. No exceptions pendente lite were filed. The only exceptions taken within fifteen days from the rulings complained of, before tender of the bill of exceptions, were to the order granting a nonsuit, and to rulings of the court refusing to allow the plaintiff's last proffered amendment to the second count of the petition, and denying her motion to strike the defendant's entire answer to the second count, which was based on the award. There are exceptions to other rulings, made on October 5, 1935, to the refusal of the court to allow the plaintiff's proffered amendment seeking to restore her voluntarily-dismissed first count of the petition, and the refusal to allow plaintiff's proffered first amendment to her second count; but these exceptions appear only in the bill of exceptions tendered on October 24, 1935.

In the opinion rendered in this case in 45 *Ga. App.* 33, 43, it was said: "Upon the first trial the plaintiff introduced evidence in support of the first count of the petition, which sought a recovery without reference to the award, and the evidence tended to prove the loss and damage independently thereof. Hence a verdict for the plaintiff would have been authorized upon that trial, notwithstanding the award may have been void, its invalidity not being attributable to any fault . . of the plaintiff. . . In the trial now under review the plaintiff [as on the instant trial] relied solely upon the second count of the petition, in which he sought to recover the amount of the damage as determined by the award alone, and introduced no other evidence as to the amount of the damage." The court further held: "An award is in the nature of a contractual agreement made for the parties by arbitrators, and the failure to

state *sound value* is a defect going merely to a lack of specification as to one of the facts upon which the conclusion as to the amount of the loss was predicated; and certainly it was such a matter as could be *waived* by the parties;" and that under the facts shown by the record the insured had waived the right to object to the award "upon the ground that it failed to state sound value as well as damage, as contemplated by the policy." On rehearing, on the contention of the insurance company that it had objected to the award upon the first trial on the same grounds as subsequently, but that since the trial had resulted in a verdict in its favor, followed by an appeal only of the plaintiff, the record on the first trial did not show the specific objections to the introduction of the award, the court held that it was controlled by *"the approved grounds* of the motion for a new trial, as presented for consideration at this time," and that "it is to be regretted if by some mistake or inadvertence this court is now dealing with a moot case. *Perhaps the record may be clarified upon the next trial;* but in the meantime we will express no opinion as to whether the insurance company may be relieved of what is *now an apparent waiver* of the defect in the award."

On the last review by this court (51 *Ga. App.* 299, 300), in referring to the previous decision as quoted, it was said: *"The holding that the award was defective and voidable has become the law of the case."* On the question of waiver it was held: "Upon the trial now under review *the record was 'clarified'* by the introduction in evidence of pendente lite exceptions, certified on the first trial, and showing that on that trial the introduction of the award was objected to on the ground, among others, that it failed to state the 'sound value' of the subject of insurance. Therefore *it now clearly appears from the record that the insurance company had not waived its right to object to the admission of the award in evidence upon the ground stated;* and that the former holding of this court that the insurance company had waived its right to make such objection was based upon an erroneous and incomplete record. In the trial now under review the plaintiff relied solely upon the second count of the petition, in which he brought suit upon the award only, and abandoned the first count, which was an action on the policy of insurance. It follows that, since the court erred in admitting the award in evidence, a new trial is required.

*Upon the next trial, if the facts are substantially identical with those of the last trial, the award should be excluded from the evidence and a nonsuit granted."*

The original answer of the defendant denied, or neither admitted nor denied, all material averments of the petition. In an amendment the award was specifically attacked because it did not state "sound value." Exceptions pendente lite to the disallowance of this amendment were filed. The plaintiff filed a motion to strike the entire answer of the defendant to the second count, on the grounds that the overruling of all demurrers to the petition, on the first trial, was a ruling on the merits, and fixed the law of the case in favor of the plaintiff, since, although the defendant filed exceptions pendente lite, it "failed to assign error thereon when the case was appealed for the first time, and said ruling on demurrer has never been reversed;" that this constitutes an "estoppel by judgment against any attack said defendant might subsequently make upon the legal sufficiency of the allegations of the petition;" that on the first trial an amendment attaching to the petition a copy of the award was allowed over the defendant's objection that the "award failed to state separately sound value, and loss and damage;" that although the defendant filed exceptions pendente lite to this ruling, it "failed to assign error thereon when the case was appealed for the first time, and said ruling of the trial court has never been reversed;" that this ruling as to the necessity of stating "sound value" in the award was an "estoppel by judgment" against any attack by the defendant on the validity of the award; and that the answer of the defendant fails to state any legal defense to the award, for these reasons and for the reason that the answer failed to charge any fraud in the selection or deliberations of the appraisers or umpire. The plaintiff excepts to the denial of her motion to strike the answer to the second count of the petition. An examination of the record on the last writ of error to this court (51 *Ga. App.* 299), brought by the insurance company from a refusal of a new trial after a verdict for the plaintiff, shows that the defendant assigned error both as to renewed demurrers to amendments to the petition, and on all of the old exceptions pendente lite relating to the sufficiency of the original and amended pleadings.

The last amendment offered to the second count of the petition

sought to plead that the written award was ambiguous in failing "to state separately sound value, damage, and loss," and asked leave to explain this ambiguity and apparent defect and to sustain the award by parol testimony of the arbitrators themselves. The amendment also repleaded the contention that the award was already sufficient. The policy required that "the appraisers together shall then estimate and appraise the loss, *stating separately sound value and damage.*" The award, signed by the umpire, recited that one appraiser "has fixed the damage or loss to the insured as $130 on the merchandise and fixtures;" that another appraiser "has fixed the damage or loss to the insured as $200 on fixtures and $1000 on the stock of merchandise;" and that the umpire was "of the opinion that the insured should recover and is entitled to the full face of the policy, to wit, $1000 on stock and $200 on fixtures and furniture;" and that the umpire's "opinion therefore coincides with that" of the last-mentioned appraiser. The plaintiff excepts to the disallowance of this last amendment to the second count.

■ "An assignment of error complaining of a ruling in the trial of a case, where the point is not preserved by exceptions pendente lite, must be made, and the bill of exceptions presented to the trial judge, within the time prescribed by law." *Batchelor* v. *Born,* 177 *Ga.* 886 (3) (171 S. E. 724); *Kelley* v. *Collins & Glennville R. Co.,* 154 *Ga.* 698 (115 S. E. 67); *Shuman* v. *Smith,* 100 *Ga.* 415 (28 S. E. 448); *Morgan-Hill Paving Co.* v. *Shanks,* 45 *Ga. App.* 274 (164 S. E. 221); *Bolton* v. *Union Banking Co.,* 41 *Ga. App.* 206 (2) (152 S. E. 587); *Floyd* v. *Floyd,* 37 *Ga. App.* 483 (140 S. E. 776). Such "time prescribed by law" as to bills of exceptions from the municipal court of Atlanta being fixed, under section 1, subsection 42 (b), of the act controlling that court (Ga. L. 1933, p. 290), at fifteen days (*Dillon* v. *Continental Trust Co.,* 179 *Ga.* 198 (6), 207, 175 S. E. 652), instead of the thirty days prescribed as to bills of exceptions from superior courts (Code of 1933, § 6-902), "where an exception to a ruling of the trial judge of the municipal court of Atlanta (Fulton section) is not preserved by exceptions pendente lite, but is made only in a bill of exceptions not presented for approval until after the expiration of fifteen days from the date of the ruling complained of, the exception is made too late and can not be considered." *Glass*

v. *Brown,* supra. The motion of the plaintiff to review and over-rule that and other above-cited decisions of this court, which appear to be in clear accord with settled rulings of the Supreme Court, must be denied. Accordingly, on the instant writ of error from the municipal court of Atlanta, by the plaintiff in the trial court, this court can not consider the questions sought to be presented as to the refusal to allow the plaintiff's proffered amendment, seeking to restore the voluntarily-dismissed first count of her petition, and to allow her proffered first amendment to the second count, since no exceptions pendente lite were filed, and the only exceptions to these rulings are those in the bill of exceptions, which was tendered to the judge more than fifteen days thereafter.

■ The only remaining exceptions made within the required time, which can be considered, are to rulings denying the plaintiff's motion to strike the defendant's entire answer to the second count of the petition, refusing to allow the plaintiff's last proffered amendment to the second count, and granting a nonsuit. The original petition, suing for a loss on a fire-insurance policy, was in two counts, the first on the policy itself, and the second on an award made under the policy by an appraiser and umpire. The first count having been voluntarily stricken by the plaintiff, and her amendment seeking to restore it having been disallowed, the last trial was on the second count alone. In *Ozburn* v. *National Union Fire Ins. Co.,* 45 *Ga. App.* 33, quoted in the statement of facts, it was in effect held that while the failure of the appraisers to ascertain and state in the award the "sound value" of the property made the award defective, it was not such a defect as rendered the appraisal and return absolutely void, and therefore it could be waived by the parties. It was further held, that, under the facts in the record then before the court, the insurer had waived the right to object to the award on the ground stated. However, on motion for rehearing, it was said: "Perhaps the record may be *clarified* upon the next trial; but in the meantime we will express no opinion as to whether the insurance company may be relieved of what is now an *apparent* waiver of the defect in the award." In *National Fire Ins. Co.* v. *Ozburn,* 51 *Ga. App.* 299 (supra), it was held: "The written award was defective and voidable, because it failed to state the 'sound value' of the subject of insurance, as required by the provisions of the policy of fire insurance; and the

trial court erred in admitting the award in evidence over the timely objection of the defendant that it did not state separately both the sound value of, and the loss and damage to, the subject of insurance, . . it further appearing that the insurer had not waived its right to make such objection." As to the alleged waiver it was said: "Upon the trial now under review, the record *was 'clarified'* by the introduction in evidence of pendente lite exceptions, certified on the first trial, and showing that on that trial the introduction of the award was objected to on the ground, among others, that it failed to state the 'sound value' of the subject of insurance. Therefore it now clearly appears from the record that the insurance company had not waived its right to object to the admission of the award in evidence upon the ground stated; and that the former holding of this court that the insurance company had waived its right to make such objection was based upon an erroneous and incomplete record. . . It follows that since the court erred in admitting the award in evidence, a new trial is required. Upon the next trial, if the facts are substantially identical with those of the last trial, the award should be excluded from the evidence and a nonsuit granted."

The plaintiff contends, under her motion to strike, that the overruling of the demurrers to the petition on the first trial fixed the law of the case in her favor, since, although the defendant filed exceptions pendente lite, it did not assign error thereon when the case was first appealed, and this ruling on demurrer has never been reversed; that this constitutes an estoppel by judgment against any subsequent attack upon the legal sufficiency of the petition; that on the first trial an amendment attaching to the petition a copy of the award was allowed over the defendant's objection that it did not state the "sound value" of the property, and although the defendant filed exceptions pendente lite to this ruling, it did not assign error thereon when the case was appealed for the first time, and the ruling of the trial court has never been reversed; that this constitutes an estoppel by judgment against any attack upon the validity of the award; and that the answer to the second count failed to state any legal ground of attack or defense to the award sued upon in that count. "Where a bill of exceptions pendente lite is filed, assigning error upon certain interlocutory rulings made pending the trial of a case, and after verdict a new

trial is granted, and a writ of error is sued out and error is assigned upon such grant, the plaintiff in error can not also assign error upon the bill of exceptions pendente lite and obtain a decision in regard to the rulings complained of therein." *Chandler* v. *Smith*, 145 *Ga.* 299 (89 S. E. 199) ; *Ogletree* v. *Livingston*, 125 *Ga.* 548 (54 S. E. 625) ; *National Life & Accident Ins. Co.* v. *Cantrell*, 49 *Ga. App.* 368 (2) (175 S. E. 543). In the instant case no estoppel by judgment and no fixing of the law of the case against the insurer arose from its failure to assign error on its duly-taken exceptions pendente lite to the rulings of the court last mentioned, since, after the previous grant of a new trial in favor of the defendant in the trial court, its exceptions pendente lite to the interlocutory rulings would not have been determined by this court. On the last writ of error to this court (51 *Ga. App.* 299), the record shows that not only was error assigned by the defendant on its renewed demurrers to amendments to the petition, but also on the old exceptions pendente lite, relating to the sufficiency of the original and amended pleadings. Those exceptions being before the court, its previous decision thereon, that the award was defective and voidable for failure to state the "sound value" of the property, that the court erred in admitting the award in evidence, and that if on the next trial the facts are substantially identical with those at the previous trial, the award should be excluded from evidence and a nonsuit granted, fixes the law of the case on the instant exceptions as to the denial of the plaintiff's motion to strike the defendant's answer to the second count, the admission of the award in evidence, and the grant of a nonsuit; and requires a decision thereon adverse to the plaintiff, under the similar facts. Although the court previously referred to the defendant's acts as an alleged "waiver," and the plaintiff in her motion to strike relied upon such acts as an "estoppel," and there are some technical differences between a waiver and an estoppel (*Kennedy* v. *Manry*, 6 *Ga. App.* 816 (3), 818, 66 S. E. 29; *Sentinel Fire Ins. Co.* v. *McRoberts*, 50 *Ga. App.* 732, 737, 179 S. E. 256, and cit.), the gist of our last decision was that the defendant was not precluded from attacking the defectiveness of the award, irrespective of whether the alleged bar was a waiver or an estoppel.

With regard to the final exception of the plaintiff to the disallowance of the last amendment offered to the second count of the peti-

tion, this amendment set up that the award was ambiguous in failing "to state separately sound value, damage, and loss," and asked leave to explain this ambiguity and apparent defect, and to sustain the award, by parol testimony of the arbitrators themselves. It also repleaded the contention that the award was already sufficient. The policy required that "the appraisers together shall then estimate and appraise the loss, *stating separately sound value and damage.*" The award, signed by the umpire, recited that one appraiser "has fixed the damage or loss to the insured as $130 on the merchandise and fixtures;" that another appraiser "has fixed the damage or loss to the insured as $200 on fixtures and $1000 on the stock of merchandise;" and that the umpire was "of the opinion that the insured should recover and is entitled to the full face of the policy, to wit, $1000 on stock and $200 on fixtures and furniture," and that his "opinion therefore coincides with that" of the last-mentioned appraiser. That the award as made was defective, and that the insurer was not precluded from raising the question of such defectiveness, was settled by the last two decisions of this court, for the reasons stated. The court did not err in refusing to allow the amendment or the admission of parol testimony by the appraisers, in order to cure the defect in the award. The policy required the award to be "in writing." An award having been made in writing without making any written determination "separately [as to] sound value and damage," an essential element required by the policy, and the parties having already for many years acted and litigated on the basis of the award as made, the plaintiff could not at the last trial proceed for an amendment of this award by the appraisers and the umpire. There was no averment of any fraud. The award was not ambiguous; it was only defective because of its omission to state a necessary finding; and to have allowed this defect to be supplied after the lapse of years would in effect have been to allow a new appraisement and a reopening of the completed proceedings. Under the last decision of this court, the trial court properly excluded from evidence the original award, and properly granted a nonsuit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*