26359, 26404. NATIONAL UNION FIRE INSURANCE COMPANY *v.* OZBURN, executrix; and *vice versa.*

DECIDED DECEMBER 4, 1937.
ADHERRED TO ON REHEARING, DECEMBER 18, 1937.

*Smith, Smith & Bloodworth,* for plaintiff in error.

*J. Wightman Bowden,* contra.

PER CURIAM. This is the seventh appearance of this case in this court. For previous rulings see 38 *Ga. App.* 276 (143 S. E. 623); 42 *Ga. App.* 393 (156 S. E. 305); 45 *Ga. App.* 33 (163 S. E. 321); 48 *Ga. App.* 571 (173 S. E. 492); 51 *Ga. App.* 299 (180 S. E. 238); 53 *Ga. App.* 682 (186 S. E. 852). The present case was a suit on the policy of fire insurance, and exceptions

are taken by the insurance company to the overruling of a general demurrer to the petition, and to the sustaining of the plaintiff's demurrer to the plea in abatement filed by the defendant. The petition alleged that on December 23, 1924, the insurer issued to S. A. Ozburn a policy of insurance for $1000, covering stock, equipment, and supplies at a described locality in the City of Atlanta, and $200 on furniture, fixtures, and office equipment; that the premium was paid thereon, and on January 9, 1925, the entire property was destroyed by fire, and the value of the property at the time was in excess of $1200; that regular proofs of loss were submitted within the time specified in the policy, and that the insurer company retained such proofs of loss and made no objection thereto; that the insured and the insurer were unable to agree upon the amount of the loss or damage, and on April 7, 1925, the insurer made written demand upon the insured that the amount of the loss be submitted to arbitration and award as was provided for under the terms of the policy, and appointed its appraiser; that on April 8 the insured appointed his appraiser, and such appraisers were unable to agree on the amount of the loss or in the selection of an umpire; whereupon the insured, as provided in the policy, made application to the chief judge of the municipal court of Atlanta for the appointment of an umpire. Such umpire was so appointed, and an award was made finding in favor of the insured in the full amount of the policy. Under the terms of the policy, the insurer had sixty days in which to pay said award, or to object thereto for some specific reason. It was further alleged that the failure to pay said award, without pointing out any specific defect therein so that same might be remedied, was an act of bad faith on the defendant company's part; that after the expiration of sixty days suit was entered, and for the first time specific objections were made to the award; that litigation over this award was pending in the courts as set out above for over ten years, and was finally decided adversely to the insured in July, 1936, for the reason that the award failed to point out the "sound value" of the property; that such defect in the award was through no fault or neglect of the insured. It was further alleged, that the twelve-month limitation, as provided in the contract of insurance, was waived by the request to arbitrate the amount of the loss, and that the failure of the arbitrators to render a valid award was through

no fault of the insured or chargeable to the insured; that, having returned a purported award on May 30, 1925, the appraisers were without further authority under the terms of the policy; that after the final determination of the litigation affecting the validity of the award, on July 9, 1936, the insurer failed to pay for the loss incurred, and refused a written demand so to do; and this suit is brought alleging that the value of the property destroyed was $1200. Judgment was prayed for such amount, including penalty for bad faith and for attorney's fees. The demurrers were (1) That the petition sets out no cause of action. (2) That it affirmatively appears that the petition is barred by the contractual limitation of one year in which to bring suit on the policy. (3) That it affirmatively appears that the suit is barred by the statute of limitations applicable to written contracts. (4) That it affirmatively appears that the petition is a renewal of a former suit filed in the municipal court of Atlanta, and it fails to appear that plaintiff has paid the accrued costs or has filed an affidavit in forma pauperis, as required by law.

It is well to consider first whether the facts pleaded effected a toll of the statute of limitations as fixed either by the policy or the law of this State. As was stated in *Atlas Assurance Co.* v. *Williams*, 158 *Ga.* 421 (123 S. E. 697), a provision in a fire-insurance policy for the appointment of appraisers to determine the amount of the loss in the event of a disagreement does not constitute a condition precedent to recovery on the part of the insured, where the insurer takes no steps to require an appraisal and does not appoint an appraiser. The converse of this would seem to be true; and where appraisers have been demanded in terms of the policy, a compliance with the terms is a condition precedent. The present policy provides that "Loss shall not become payable until sixty days after . . award by appraisers when appraisal has been required." In *Insurance Company of North America* v. *Folds*, 35 *Ga. App.* 720 (3) (135 S. E. 107), it was said: "Where a policy of insurance provides that no action thereon shall be maintainable unless commenced within twelve months next after the happening of the loss, and the parties enter into such an agreement for the appraisal of the loss, the agreement to thus adjust their differences *tolls the limitation* provided in the contract, and *the period of limitation does not run* during the pen-

dency of the appraisement proceeding." (Italics ours.) See same case 42 *Ga. App.* 306 (3) (155 S. E. 782). The question to be determined here is, what constitutes a pendency of the appraisement proceeding? Suit having been instituted on the award as made, and such award being attacked on the ground that it was an invalid award because "sound value" was not reported as called for, and such attack having been finally upheld, we think it may justly be said that the appraisement proceeding is pending. The appraisers, through no fault of either of the parties, having made a purported award which is invalid, it is the same as if no award had been made. Until such fact has been judicially determined, such proceeding may be said to be pending. If the award made was valid, the action thereon was brought within the time prescribed by the policy. If the award was invalid, it is the same as if no award had been made, and in that event, legally speaking, it is pending and the statute will be tolled. In *Globe & Rutgers Co.* v. *Jewell-Loudermilk Co.*, 36 *Ga. App.* 538 (137 S. E. 286), it was said: "The insured performs all of his obligations as respects an appraisement, as provided in the policy, when he in good faith agrees to the selection of appraisers and submits the matter to appraisement as provided in the policy; and where the appraisers, through no fault of the insured, fail to agree, the insured has complied with all of his obligations under the policy and the insured may, in the absence of a further demand by the insurer for an appraisement, proceed forthwith to institute suit upon the policy and establish the amount of his loss by the evidence before the jury." It is true that an appraisement and award as provided in this policy do not have the force and effect of a common-law or statutory award; for in all events the question of ultimate liability, when there is an issue, is to be determined by a suit on the policy. Where no appraisal is required or demanded under the terms of the policy, the amount of the loss is to be determined by the jury upon proof submitted as to the amount of the loss. The action on the award made by the appraisers is nothing more or less than a fixation of the amount of loss, if the jury should determine that there is any liability on the policy. The only distinction between a suit where there has been an award and one where there has been no award is that in the one the jury fixes the amount of the loss by evidence

submitted to them, in the event of a recovery at all; and in the other, in the event they find that the plaintiff is entitled to recover, the award fixes the amount of the loss. Where an appraisal has been demanded in writing by the insurer and consented to by the insured, and both parties have acted in good faith, but, through no fault of theirs, an imperfect, or incomplete, or void finding has been had, the statute of limitations, as fixed either by the contract or policy or by the statute law, is tolled pending the judicial determination of the validity of the award, and the statute does not begin to run until the invalidity of the award is judicially determined.

It was proper to bring the suit on the award as made on May 30, 1925. Until such award was judicially determined to be a void award, we think the insured had no right to proceed on the policy itself, without reference to the award, as the damage sued for must be that fixed by the award. It seems to us that where the insurer has made a demand for an appraisal and award, to which demand the insured acceded, and then, through no fault on the part of the insured, the appraisers made an incorrect, improper award under the terms of the policy by not stating the sound value of the property, that the insured had a right to rely on the award as made until it was declared void, and not until such time was the statute of limitations, as fixed by the policy or by statute, in effect against him. See, in this connection, *National Fire Insurance Co.* v. *Lam,* 34 *Ga. App.* 246 (129 S. E. 116) ; 7 Couch on Insurance Law, § 1606. An examination of the former decisions of this court and the records therein in this case discloses that while the suit as originally filed contained a count based on the policy alone, without respect to the award made by the appraisers, upon the first trial the court instructed the jury that there could be no recovery upon this count. Afterwards, in May, 1932, the plaintiff voluntarily struck this count from the petition, and proceeded on the count making the award the measure of damage. If the award was valid, this action by the court was proper, for a suit except upon the award was not maintainable. It was said in this same case, in 45 *Ga. App.* 33, 43 (163 S. E. 321) : "Upon the first trial the plaintiff introduced evidence in support of the first count of the petition, which sought a recovery without reference to

the award, and the evidence tended to prove the loss and damage independently thereof. Hence a verdict for the plaintiff would have been authorized upon that trial, notwithstanding the award may have been void, its invalidity not being attributable to any fault on the part of the plaintiff." However, the court was not then passing on the correctness of the ruling of the judge in withdrawing from the consideration of the jury that count of the petition which sought a recovery of the damage independently of the award; and if any inference of such a meaning is to be drawn therefrom, we think the language obiter dicta. As we have already said, the insurer having called for an appraisement in terms of the policy, the insured would have been prevented from suing on the policy without acceding thereto, because such appraisement was a condition precedent to the maintenance of a suit. In *Eberhardt* v. *Federal Insurance Co.*, 14 *Ga. App.* 340 (80 S. E. 856), it was held that where a valid award was made, the insured may not recover an amount on the policy in excess thereof without setting aside the award. The insurer, having called for the award by the appraisers, may not, by refusing to pay and then successfully contending that the award made was not valid, assert that the statute of limitations has prevented the insured from asserting his rights under the policy. We do not mean to hold, where payment has been refused after an award has been made, that the insured is ipso facto compelled to assert his rights by a suit on the award and not on the policy. We do say that if a suit is brought on the policy making the award the measure of damage, and the insurer successfully defends this suit on the ground that the award is not valid, the contractual period of limitation, as well as the statutory period, is tolled until final judgment is taken in favor of the insurer on that issue. If the law were otherwise in a case of this character, it would afford too great an opportunity for the escape from legal obligations. The court did not err in overruling grounds 1, 2, and 3 of the demurrer.

The remaining headnotes will not be elaborated. Upon consideration of the motion for rehearing the original judgment of affirmance is adhered to, and this opinion is substituted for that originally written.

*Judgment affirmed on both bills of exceptions. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents from judgment on main bill of exceptions.*

BROYLES, C. J., dissenting from the judgment on main bill of exceptions. This case was brought here on a direct bill of exceptions to the overruling of the demurrers, general and special, to the petition. This is the seventh appearance of the case in this court; and the history of the previous trials and holdings was so well set forth by Jenkins, P. J., in 53 *Ga. App.* 682 (supra), that I deem it unnecessary to again relate it. In that decision this court held that the original suit in the municipal court of Atlanta, brought on an award under the policy by an appraiser and umpire, was properly nonsuited. Subsequently the present action was filed in the superior court of Fulton County, and was a suit on the policy of fire insurance—the identical policy heretofore involved in the litigation, and the plaintiff sought recovery of the same loss and damage that was sought in the former suit. The defendant interposed the following grounds of general demurrer: "1. Defendant demurs generally to plaintiff's petition, on the ground that same sets forth no cause of action. 2. On the ground that it affirmatively appears that said suit is barred by the contractual limitation of one year, contained in the policy of insurance sued on, which provides in substance that no suit or action on said policy shall be sustainable unless commenced within twelve months next after the fire. 3. On the ground that it affirmatively appears that said suit is barred by the statute of limitations applicable to written contracts. 4. On the ground that it affirmatively appears that said petition is a renewal of a former suit filed in the municipal court of Atlanta, which former suit was nonsuited, and it fails to appear that the accrued costs in said former suit have been paid by the plaintiff or that an affidavit in forma pauperis has been filed with the present suit, as required by law." All of the general, and certain special, grounds of the demurrer were overruled, and the defendant excepted.

Counsel for defendant in error contends that this suit is not a renewal of the former one which was nonsuited. If this be true, then the present action is barred by the statute of limitations, since the petition shows on its face that this suit was

brought more than ten years after the date of the fire which caused the loss sued for, and that the contract sued on was not under seal; and the petition fails to show any sufficient tolling of the statute of limitations to escape the bar of the six-year limitation; and the court erred in overruling grounds 1 and 3 of the general demurrer. On the other hand, if this suit is a renewal of the former one, the petition, properly construed (most strongly against the pleader), shows that the present suit is nevertheless barred by the statute of limitations, and the court erred in overruling grounds 1, 2 and 3 of the general demurrer. The court erred also in overruling certain special grounds of the demurrer to the petition, since several, if not all, of them were meritorious. It clearly appears from the undisputed facts of this case, and the law pertinent thereto (including the former decisions of this court in this case, which have become the law of the case), that the plaintiff is not entitled to a recovery in any amount. I concur in the judgment on the cross-bill of exceptions.