### McINNES v. SOUTHERN HOME INSURANCE COMPANY OF THE CAROLINAS

#### (140 S. E., 696)

Insurance—Award by Appraisers Failing to Ascertain Sound Value Required by Policy and Arbitration Agreement Held Invalid.— Where appraisers, appointed in conformity with provisions of tornado policy for arbitration, failed to ascertain and state the sound value in accordance with the terms of the policy and the arbitration agreement, insured was not bound by the appraisal and it was null and void.

Before Bonham, J., Charleston, January, 1926. Reversed and remanded.

Action by Mrs. Lillie E. McInnes against the Southern Home Insurance Company of The Carolinas. Judgment for less than sued for, and plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Provisions for arbitration should not be subjected to a narrow or technical construction, but should be construed liberally in favor of the insured:* Elliott on Ins., Sec. 317, p. 332; 52 L. R. A., 424. *Failure of appraisers to ascertain and state the sound value in accordance with arbitration agreement rendered their award void:* 4 Cooley on Ins., 3645, 3646; 125 Fed., 589; 51 N. W., 1149. *Insurer by relying on appraiser's award, waived any right it might have under the policy to insist that award must be made before action could be brought:* 51 N. W., 1149. *A denial of liability in order to operate as a waiver need not be absolute nor couched in express terms:* 4 Cooley on Ins., 3663. *Same, has been held a waiver though the company expressly demanded arbitration:* 33 S. W., 1041; 66 N. W., 278. *Denial of liability is a waiver of the requirement for appraisal or arbitration:* Joyce on Ins., Sec. 3242; 38 S. W., 395; 104 S. C., 403; 57 S. C., 358; 70 S. C., 295; 70 S. C., 82; 97 S. C., 375; Joyce on Ins., Sec. 3257; Elliott on Ins., Sec., p. 352.

*Mr. Augustine T. Smythe,* for respondent, cites: *Courts*

*favor arbitration:* 40 S. E., 147; 36 S. E., 714; 50 S. E., 206; 101 Fed., 36.

December 9, 1927.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action on an insurance policy.

The facts as we gather them from the record are as follows:

For a period of one year from October 10, 1923, the defendant insurance company insured the plaintiff against all direct loss or damage by tornado, windstorm, or cyclone, to her dwelling house in the city of Charleston, to an amount not exceeding $2,000. The policy contained a provision that, in case the insurer and the insured should disagree as to the amount of any loss or damage, the matter should be submitted to two disinterested appraisers, one to be appointed by each of the parties, who should together "estimate and appraise the loss, stating separately sound value and damage." The policy further provided that the two appraisers should first select an umpire, and, failing to agree, should submit each subject of difference to him.

In September, 1924, plaintiff's house was damaged by a windstorm, and in due time thereafter, in compliance with the terms of the policy, she gave notice of her loss in writing to the company, later rendering a statement of such loss with demand for payment.

The company, after some investigation, denied all liability, claiming that the damage done to the building was due to its poor physical condition, that the roof was defective, permitting rain to enter and injure the house, and that the damage was not caused by the windstorm as claimed by the insured. In November, 1924, after the company had denied liability, the parties entered into a non-waiver agreement, "by which they agreed that any action taken by the defendant in investigating and ascertaining the amount of loss or damage to the property of the plaintiff caused by the windstorm

* * * should not waive or invalidate any of the conditions or any rights whatever of either of the parties to the agreement."

In December, 1924, in conformity to the provisions of the policy for arbitration, the insurer and the insured entered into an agreement appointing appraisers to ascertain and fix the sound value of the plaintiff's property and the amount of loss or damage thereon. The appraisers, after appointing an umpire, by their award fixed the damage to the plaintiff's house at $260, but they did not, as required by the provisions of the submission, ascertain and fix the "sound value" of the property.

The plaintiff refused to accept the amount awarded and brought this action for the whole amount of the policy, $2,000. The defendant by its answer set up a number of defenses; upon trial all were withdrawn except the submission and the award of the appraisers.

At the close of the plaintiff's testimony, the defendant moved the Court to direct a verdict for the plaintiff for $260 on the ground that the plaintiff was bound by the award; the motion was opposed by plaintiff's counsel upon the several grounds set out in the record, but was granted by the Court. The plaintiff appeals.

Under our view of the case, it will be necessary to consider only those exceptions which impute error to the trial Judge in directing the verdict. The appellant's position is thus stated:

"The appraisers having failed to ascertain and state the 'sound value' in accordance with the terms of the policy and the arbitration agreement, it follows, as a matter of law, that plaintiff was not bound by the appraisal, and that the same is null and void."

This contention is meritorious and is supported by authority.

In 26 C. J., 423, we find:

"An award must conform in form and substance to the re-

quirements of the policy and .the agreement for submission.
* * * If there is failure to pass upon all. the matters sub-
mitted to arbitration, or if the award covers only a part of
the loss or damage included in the submission, the award is
not binding."

In 13 Am. & Eng. Ency. of Law, 364, it is said:

"It (the award) must be in strict compliance with the
terms and conditions under which it is made."

In Cooley on Insurance, at p. 3646, the writer says:

"Where both an insurance policy and a submission to ap-
praisal thereunder require the finding of both sound value
and damage, a failure of the appraisers to find the sound
value is a fatal variance, which cannot be helped by assuming
that the blank left in the award where the sound value should
have been inserted was intended as a finding that there was
no sound value, nor by a contention that the finding of sound
value was immaterial."

*In Mason v. Fire Ass'n. of Philadelphia*, 23 S. D., 431;
12 N. W., 423, we find (quoting syllabus):

"Appraisers of the loss on insured property were ap-
pointed, by the terms of the agreement for submission, to
estimate 'the sound value and loss' upon the property dam-
aged and destroyed. In their award they stated that they
had carefully examined the premises and remains of the
property 'in accordance with the foregoing appointment, and
have determined the loss and damage' to be an amount speci-
fied. Held, that the award was not in accordance with the
submission."

The case of *Continental Insurance Company v. Garrett*
(C. C. A.), 125 F., 589, is directly in point. In that case,
as in the present case, both the policy and the submission
provided that the appraisers should together estimate and ap-
praise the loss, stating separately sound value and damage.

The award in that case, which is set out therein in full,
states the amount of loss or damage agreed upon by the ap-
praisers, but does not give the sound value of the property.

The learned Judge who delivered the opinion of the Court said:

"The submission required the appraisers to determine two things, and two things only, for the submission was only for the purpose of determining the amount of loss, and no other defense open to the insurer was submitted. The policy itself required that the appraisers should state 'separately sound value and damage,' and the submission, in no less than four distinct paragraphs, required that both the sound value and loss or damage should be estimated or appraised. * * * The award is, therefore, not in accordance with the submission, because the sound value has not been estimated or appraised * * * the direction to assess both the sound value and the loss and damage cannot be said to have been immaterial to either party. If followed, the appraisers would have been compelled to have exercised much care in their estimate, inasmuch as the appraisement of the sound value and the loss and damage to that would necessarily involve an assessment of the value of the remains. Thus some security was provided against inconsistent appraisements. Neither is this such an award as should be upheld by any strained interpretation that the appraisers meant by the unfilled blank in their written award to find that the sound value was identical with the loss and damage reported."

We think that the legal principles stated in the foregoing authorities govern in the present case, unless it is shown that a different rule has been created by Statute. It is to be observed that the two cases cited—the *Mason* and *Garrett cases*—were actions on fire insurance policies. The rule in this State, with reference to ascertaining and fixing, by submission and award, the loss or damage by fire to property covered by a fire insurance policy is fixed by Statute. See *Ford v. George Washington Fire Insurance Company,* 139 S. C., 212; 137 S. E., 678. *Aiken v. Home Insurance Company,* 137 S. C., 248; 134 S. E., 870.

But, as we have stated, the insurance in this case is one against loss or damage by tornado, windstorm, or cyclone. No Statute has been cited that fixes, in submission and award under a policy of this kind, a rule for determining the loss. It is clear, therefore, applying the principles announced, that the award was invalid as not complying with the provisions of the submission, and was not a good defense to the action by the plaintiff on the insurance policy. There was error in refusing to submit the case to the jury.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.