171 So.2d 755 (1965)
Ellis L. MACALUSO, Sr.
v.
Charles G. WATSON, Noel Brown and Grain Dealers Mutual Ins. Co.
No. 1771.
Court of Appeal of Louisiana. Fourth Circuit.
February 8, 1965.
Rehearing Denied February 16, 1965.
Montgomery, Barnett, Brown & Read, Wood Brown III, New Orleans, for relator.
Steven R. Plotkin and Richard D. Alvarez, New Orleans, for respondents.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
Plaintiff, Ellis L. Macaluso, alleged that he sustained personal injuries resulting from an automobile accident in the City of New Orleans in December, 1963. In his original petition he joined as defendants Charles G. Watson, the driver of the offending automobile, and Noel Brown, its owner, with whose consent Watson was in operation of the automobile in question. This suit was filed July 13, 1964.
The Legislature of the State of Louisiana in its regular session of 1964 passed Act 118 amending Subsection D of LSA-R.S. 22:1406 by adding a new paragraph, designated Number 5, relating to arbitration *756 agreements in uninsured motorist coverage clauses in public liability insurance policies. The added paragraph is as follows:
"D. (5) The coverage required under this Sub-Section may include provisions for the submission of claims by the assured to arbitration; provided, however, that the submission to arbitration shall be optional with the assured, shall not deprive the assured of his right to bring action against the insurer to recover any sums due him under the terms of the policy, and shall not purport to deprive the courts of this state of jurisdiction of actions against the insurer."
This act became effective August 1, 1964. On August 14, 1964, plaintiff filed a supplemental and amended petition joining his automobile liability insurer, Grain Dealers Mutual Insurance Company, as party defendant. He is the assured in a public liability insurance policy issued by defendant insurance company containing an uninsured motorist coverage provision. He alleged that Charles G. Watson, the driver, and Noel Brown, the owner of the automobile driven by Watson, were uninsured motorists within the provisions of said policy.
The uninsured motorist coverage provision in plaintiff's liability insurance policy issued by defendant reads as follows:
"Coverage JUninsured Motorists (Damages for Bodily Injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."
The policy further contains the following provision on arbitration:
"Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."
Defendant Grain Dealers Mutual Insurance Company filed an exception of no right of action based on the foregoing provisions in the policy relative to compulsory *757 arbitration. The exception was overruled by the trial court whereupon the insurer, Grain Dealers Mutual Insurance Company, applied to this Court for certiorari.
Relator, in support of its application for writs, vigorously opposed the retroactive application of Act 118 of 1964 to allow the plaintiff the right to exercise the option it provided in regard to a cause of action which arose before its enactment. This presented on its face the question whether Act 118 was substantive in character or merely procedural or remedial legislation. It was further argued that retroactive application of Act 118 would be unconstitutional in that it would impair the rights of the parties under an existing contract in violation of Article 1, Section 10, of the Constitution of the United States and Article 4, Section 15, of the Constitution of the State of Louisiana, L.S.A. Certiorari was granted returnable before this Court on January 4, 1965. On that date the issue of compulsory arbitration was argued and submitted.
It is our opinion that the arbitration agreement between plaintiff and his liability insurer, Grain Dealers Mutual Insurance Company, is in violation of LSA-R. S. 22:629, subd. A(2) in that its effect is to deprive the courts of this state of the jurisdiction of plaintiff's action against the insurer, and therefore is void and unenforceable. It is therefore unnecessary for us to consider whether or not Act 118 is substantive or remedial. Irrespective of Act 118 of 1964, the plaintiff cannot be compelled to arbitrate and may proceed by action in the court of proper jurisdiction against his insurer.
Relator relies strongly on the Louisiana Arbitration Law, LSA-R.S. 9:4201-9:4217, and particularly Section 4201 which reads as follows:
"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
This is general legislation and the source authority is Act 377 of 1948. It is repealed or modified insofar as it relates to contracts of insurance by Act 125 of 1958 (LSA-R.S. Title 22), known as Louisiana Insurance Code, which is specific legislation and provides in Section 629 (quoting the pertinent part):
"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:

* * * * * *
"(2) Depriving the courts of this state of the jurisdiction of action against the insurer; * * *

* * * * * *
"B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract. Amended and reenacted Acts 1958, No. 125."
That the arbitration agreement above quoted has the effect of "[d]epriving the courts of this state of the jurisdiction of action against the insurer" admits of no argument. It unequivocally provides that the issue of liability as well as quantum be submitted to arbitration in accordance with the rules of the American Arbitration Association and that the parties "each agree to consider itself [themselves] bound and to be bound by any award made by the arbitrators." It provides further that "judgment upon the award rendered by *758 the arbitrators may be entered in any court having jurisdiction thereof." Thus the function of the court is limited to that of a sheriff or enforcement officer to execute the award, whether or not it is in agreement with it.
The Louisiana Arbitration Law also provides in LRA-R.S. 9:4209 that any party to the arbitration may within one year apply to the court for an order confirming the award and "the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211." (Emphasis added). This authority to vacate, modify, or correct the award is limited in Sections 4210 and 4211 to cases involving fraud, corruption, prejudicial misconduct, excess of authority, error of description, miscalculation of figures, etc., and the right of appeal is also limited to the order of confirmation, modification, correction, or vacation. These sections clearly limit the function of the court and deprive it of jurisdiction of the basic legal and factual question of liability as well as quantum.[1] If this were not so, the relator, insurer, would have no basis for its exception of no right of action. In fact the foregoing conclusion is consistent with the effect given to the arbitration clause by relator who asserts in its exception of no right of action the following:
"* * * that the uninsured motorists coverage afforded by the policies issued by your defendant contains a provision requiring compulsory arbitration of all claims made under the said uninsured motorist clause be presented to an arbitrator and settled by arbitration in accordance with the rules of the American Arbitration Association, the judgment of which arbitrator is agreed to have the force of a judgment of court as between the parties. * * *" (Emphasis added.)
Prior to Act 118 of 1964 a literal application of LSA-R.S. 22:629, which says clauses in contracts of insurance depriving the courts of jurisdiction of claims against the insurer "shall be void," would support equally the assured or insurer who may wish not to be bound by such contract. Act 118, which is an amendment to the Louisiana Insurance Code, of which LSA-R.S. 22:629 is a part, specifically makes arbitration clauses in claims arising under the uninsured motorist coverage permissive and provides that when made they shall be absolutely binding on the insurer but optionally binding on the assured. This, evidently, was the intention of the Legislature in enacting Act 118. We can find no other reason for its enactment, and a reason or purpose must always be presumed.
Counsel for plaintiff and defendant, relator, have very ably briefed the law with respect to the question of the substantive as opposed to the procedural character of Act 118 of 1964 and have given us the benefit of many case citations in the jurisprudence of this and other states on the enforceability of arbitration agreements generally. However, in view of the rationale upon which our decision is based, a discussion of these questions is unnecessary.
The writ of certiorari issued herein is recalled and vacated at relator's cost and the case is remanded for trial according to law.
Writ recalled; remanded.
NOTES
[1] The Supreme Court of Louisiana said in Housing Authority of New Orleans v. Henry Ericsson Co., 197 La. 732, 2 So. 2d 195:

"Appellant's argument that this Court is clothed with the authority not only to vacate the award of the arbitrators but also to render a judgment on the merits of the controversy as submitted to the arbitrators is not sound. Under the provisions of the Louisiana arbitration statute courts are not given the authority to reverse awards of the arbitrators. The only authority conferred upon the court by statute is the authority to modify the award or to vacate it and direct a rehearing by the arbitrators."