179 So.2d 454 (1965)
Joseph Emanuel SPILLMAN, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
No. 1528.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
*455 John S. Stephens, Coushatta, for plaintiff-appellant.
Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiff, Joseph Emanuel Spillman, brought suit against his own automobile liability insurance carrier, United States Fidelity and Guaranty Company, alleging a right to recover damages arising in tort under the so-called "uninsured motorist" provision of his policy.
The defendant insurer filed a peremptory exception, alleging that plaintiff had no right or cause of action under the suit.
The exception was sustained in the lower court, and plaintiff's suit was dismissed.
Plaintiff has perfected this appeal from that ruling.
The basis of defendant-appellee's exception is as follows:
a) The policy in question became effective on June 11, 1964, and contained a compulsory arbitration clause requiring that the assured's right to recover under the uninsured motorist provision of the policy be submitted to arbitration in all cases in which insurer and assured failed to agree on assured's right to recover, or the amount of such recovery;
b) Act 118 of 1964, amending Subsection D of LSA-R.S. 22:1406, so as to provide that submission to arbitration shall be optional with assured, and not preventive of suit, did not become effective until after the date of the policy;
c) Accordingly, the said Act should not be considered retroactive in its effect;
d) Additionally, that to consider the Act retroactive would impair the previously existing contract between plaintiff and defendant.
The question of compulsory arbitration as applied to uninsured motorist clauses has been considered by our learned brethren of the Fourth Circuit in the case of Macaluso v. Watson (La.App. 4 Cir., 1965), 171 So.2d 755, in which both the pertinent facts and the nature of the arguments raised by the exceptor are identical to those of the instant case. It was held in the Macaluso case, supra, that compulsory arbitration is void and unenforceable for the reason that it has the effect of "[d]epriving the courts of this state of the jurisdiction of action against the insurer; * * *", in contravention of LSA-R.S. 22:629, subd. A(2).
Accordingly, the judgment of the lower court sustaining defendant's exception is reversed, and this case is remanded to the lower court for trial on the merits. All costs of this appeal are assessed against defendant-appellee.
Reversed and remanded.