185 So.2d 106 (1966)
Douglas BERGERON
v.
Sterling GASSEN and Gulf Insurance Company.
No. 2196.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*107 Joel T. Chaisson and Joseph Accardo, Jr., Luling, for plaintiff-appellee.
Bienvenu & Culver, Ernest L. O'Bannon, New Orleans, for defendant-appellant.
Before YARRUT, CHASEZ and BARNETTE, JJ.,
YARRUT, Judge.
This is an appeal under authority of LSA-R.S. 9:4215 by Gulf Insurance Company, Defendant (hereinafter referred to as "Gulf"), from a judgment of the District Court refusing to confirm an arbitration decision in its favor, and against Plaintiff-Appellee (referred to hereinafter as Bergeron), rendered under the provisions of the Louisiana Arbitration Law, LSA-R.S. 9:4201 et seq., petition for which arbitration was instituted and prosecuted by Plaintiff-Appellee. The record discloses the following:
Bergeron, while driving in Luling, Louisiana, ran his automobile into the rear of a vehicle then operated by Co-Defendant Gassen. Gassen's vehicle had no liability insurance, while Bergeron was insured by Gulf under a policy which contained a "family protection coverage endorsement" familiarly known as the "uninsured motorist endorsement."
Bergeron made claim against Gulf for bodily injury sustained in the accident under the uninsured motorist provisions of the policy. The claim was denied by Gulf, and Bergeron made demand for arbitration in accordance with the policy. Bergeron served Gulf with a "Demand for Arbitration," claiming damages of $4,307.00 for injuries sustained in the accident. At the same time, Bergeron filed suit against Gassen and Gulf, No. 8473 on the docket of the 29th Judicial District Court, Parish of St. Charles, for the same injuries and arising out of the same accident as that for which he demanded arbitration. Gassen answered the lawsuit and reconvened against Bergeron. Gulf was not named a party to the reconventional demand, but did file "Exceptions and Motion for Stay of Proceedings." No action has ever been taken on these exceptions, or the motion for a stay of proceedings.
Pursuant to the rules of the American Arbitration Association and the Louisiana Arbitration Law (cited supra), and after proper notice, a hearing was held before an Arbitrator at which hearing all witnesses for Bergeron and Gulf were heard. At the conclusion of the hearing, the matter *108 was submitted and the Arbitrator rendered an award denying Bergeron's claim against Gulf.
Pursuant to LSA-R.S. 9:4209, a "Petition to Confirm Award of Arbitrator" was filed in these proceedings by Gulf. Gulf prayed for service on Bergeron to show cause why the Arbitrator's award should not be homologated and confirmed, and made the judgment of the Court; why a plea of res judicata should not be maintained, and judgment entered dismissing Plaintiff's suit as against Gulf; and for summary judgment.
No opposition of any kind was filed by Bergeron, although he had proper and timely notice of the hearing; nor did he or his attorney make an appearance in Court when the matter was called. The Trial Judge called the matter for hearing, heard the argument, of counsel, and admitted into evidence a certified copy of the Arbitrator's award.
In dismissing Gulf's petition for confirmation of the Arbitrator's award in its favor, the District Judge gave as his reasons:
"Plaintiff sued his own insurer, under the uninsured motorist clause, and the driver of the other vehicle.
"Plaintiff then called for arbitration against his insurer and his claim was denied.
"Now a rule for summary judgment confirming the arbitrators finding.
"However, plaintiff joined the driver of the other vehicle as a defendant and the driver of the other vehicle answered and reconvened.
"This Court cannot dismiss plaintiff's claim against the defendant Gassen, nor can it dismiss the demand of Gassen against Bergeron, and by operation of law against the insurer of Bergeron.
"It would serve only to hamper and obstruct the trial between Bergeron and Gassen to allow the insurer to go free and the insurer can always press the defense of arbitration denied against Bergeron if that is finally resolved as an issue.
"Accordingly, the rule is denied and dismissed."
Gulf contends the District Court erred:
"1) In refusing to confirm the arbitrator's award and in not dismissing plaintiff's suit as to defendant Gulf Insurance Company;
"2) In not maintaining defendant's plea of res judicata."
Bergeron contends he should not be bound by the Arbitrator's award because he was on the horns of a dilemma, not knowing whether the provision of the policy regarding arbitration was constitutional or not as a denial of the jurisdiction of the courts to determine disputes under the policy; for which reason he also filed suit in court to interrupt prescription in addition to making his demand for arbitration.
Bergeron's policy with Gulf provides for arbitration of uninsured motorist claims. Compulsory arbitration is no longer permissible under Louisiana law. LSA-R.S. 22:1406; Spillman v. United States Fidelity And Guaranty Co., La.App., 179 So.2d 454; Macaluso v. Watson, La.App., 171 So.2d 755. However, insurance contracts may validly contain arbitration clauses, and LSA-R.S. 22:1406 specifically provides that submission of a matter to arbitration is optional with the insured. In the instant case it was Bergeron, not Gulf, who demanded arbitration prior to filing suit. Bergeron initiated and complied with all prerequisites to a valid hearing; and demanded that the hearing be held in his own attorney's law office in Luling, Louisiana, the scene of the accident. He appeared at the hearing, testified, and through counsel, examined the witnesses for Gulf. After the hearing, through his attorney, Bergeron submitted a brief and prayed for an award. In due course the Arbitrator rendered his award denying Bergeron's claim.
*109 The award of an Arbitrator has the effect of a final judgment of a court of law. It is res judicata and unless grounds are established, in accordance with the Louisiana Arbitration Law, for the vacation, modification or correction of the award, it must be confirmed. Any pending suit by one of the parties, bound by the award and involving the same parties and issues, must be dismissed. LSA-R.S. 9:4214; Housing Authority of New Orleans v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195; Livingston v. Shreveport-Texas League Baseball Corp., D.C., 128 F.Supp. 191, aff'd 5 Cir., 228 F.2d 623 and cases cited therein.
Accordingly, the judgment of the District Court dismissing Gulf's petition for confirmation of the Arbitrator's award is reversed, and judgment now rendered in favor of Gulf Insurance Company, Defendant-Appellant, and against Douglas Bergeron, Plaintiff-Appellee, confirming the Arbitrator's award in favor of Gulf Insurance Company; Douglas Bergeron to pay all taxable costs in both courts.
Judgment reversed and rendered.