McBRIDE, Judge.
Plaintiff claims $6600 (the limit) under a fire insurance policy containing extended coverage provisions (including windstorm damage) which was issued by the defendant insurer to the plaintiff. The insured property, owned by plaintiff, bearing municipal numbers 2500-2502, Alabo Street in the City of New Orleans, allegedly sustained serious damage in excess of the above amount as the consequence of a windstorm (Hurricane Betsy, Sept. 9-10, 1965). The petition alleges that plaintiff timely filed proof of loss, but that defendant arbitrarily rejected the claim and is demanding an appraisal of the loss. Defendant interposed an exception of prematurity which was maintained by the court below, and the suit was dismissed at plaintiff’s cost. He appeals.
Pursuant to the provisions of R.S. 22:691 (F) the policy before us contains the following provisions for an appraisal:
“In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.”
After the receipt of the proof of loss submitted by plaintiff, defendant notified him of the rejection of the claim because it exceeded the actual loss caused by the windstorm and for “other good and valid reasons”. Plaintiff was further notified that the insurer elected to exercise its right under the above quoted paragraph of the policy; to that end defendant furnished plaintiff with an appraisal form and requested him to fill in the name of his appraiser, sign the form, and then return it to defendant. Plaintiff refused to comply with the insurer’s request for an appraisal and instituted this suit.
It is contended on behalf of appellant that the policy stipulations respecting an appraisal are in effect nothing more or less than provisions for an arbitration and are null, void and unenforceable because repro-bated by R.S. 22:629. In support of his position counsel cites Macaluso v. Watson, La. App., 171 So.2d 755, decided by this court, wherein a loss under the uninsured motorist coverage in a policy of automobile insurance was involved. We held that the policy *446 stipulations for an arbitration of the insured's claim which, by the terms of the policy, was to be binding upon both the insured and the insurer were null and void as being in violation of R.S. 22:629 subd. A(2) in that their effect is to deprive the courts of this state of jurisdiction of plaintiff’s action against the insurer.
Counsel for appellant seems to have confused arbitration with appraisal. The duties of the appraisers, when appointed under the provisions of the policy in the instant case, are merely to ascertain the cash value and the extent of the insured’s loss and are proper and legal and do not fall into that class of arbitrations which undertake to oust the courts of their jurisdiction. The difference between arbitration and appraisal was clearly recognized by the Supreme Court in Housing Authority v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195, as follows:
“In theory, arbitration is a substitute for a proceeding in court, and should not be confused with what takes place where parties refer to selected persons some ministerial duty or some matter involving . only the ascertainment of facts, requiring no hearing nor the exercise of judicial discretion upon the question in dispute”.
In Branch v. Springfield Fire & Marine Ins. Co., 198 La. 720, 4 So.2d 806, the Supreme Court was concerned with a fire insurance policy containing provisions for an appraisal of a loss caused by windstorm. The only difference in the policy stipulations in that case and those in the instant case is that in. the former the appraisers’ duty was to ascertain the “sound value” of. the loss and damage, while in the instant case the purpose of the appraisement was the ascertainment of the “actual cash value and loss”. Such difference is immaterial. In passing on the validity of the appraisal provisions, the Court said:
“The validity of stipulations in insurance policies (similar in language to the one under consideration) providing for an arbitration in case there is a disagreement as to the amount of the loss has been recognized in this State. See Hart v. Springfield Fire & Marine Ins. Co., 136 La. 114, 66 So. 558; Martin v. Home Ins. Co., 16 La.App. 216, 133 So. 773, and Officer v. American Eagle Fire Ins. Co., 175 La. 581, 143 So. 500 * * * ”
The insured in Branch v. Springfield Fire & Marine Ins. Co., supra, filed his suit against the insurer for a greater amount than the “sound value” of the loss as fixed by the appraisers and umpire, alleging that their appraisal covered only part of the damage caused by the windstorm. The Court held that the appraisers had not ascertained or estimated the sound value of the building which was their duty and that under this circumstance the plaintiff was not bound by the appraisal and entitled to maintain his suit. The Court said:
“ * * * The established jurisprudence of this country is that the failure of the appraisers to fix the sound value, where the policy requires it to be fixed, renders the award unenforcible. In AEtna Ins. Co. v. Murray, 66 F.2d 289, 291, the Circuit Court of Appeals of the United States for the Tenth Circuit said:
“ ‘The failure of appraisers to include in the award all of the property covered by the submission agreement renders the award invalid. Cooley’s Briefs on Insurance, p. 6198; AEtna Ins. Co. v. Hefferlin [9 Cir.], 260 F. 695; Graff v. National Liberty] Ins. Co., 107 Kan. 648, 193 P. 356. Where the policy and the agreement of submission requires that sound value be ascertained, the failure of the appraisers to ascertain the sound value invalidates the award. Failure to so find cannot be treated as harmless, for by the policy and submission agreement, the parties so contracted. Continental Ins. Co. v. Garrett [6 Cir.], 125 F. 589; Cooley’s Briefs on Insurance, p. 6200’.
“The necessity for the appraisers to ascertain the sound value of the damaged *447 property under agreements of submission to arbitration identical with the one under consideration has likewise been recognized in Phoenix Ins. Co. v. Everfresh Food Co., 8 Cir., 294 F. 51; McInnes v. Southern Home Ins. Co., 142 S.C. 348, 140 S.E. 696; Mason v. Fire Ass’n of Philadelphia, 23 S.D. 431, 122 N.W. 423; Reliance Ins. Co. v. Bowen, Tex.Civ.App., 54 S.W.2d 597; National Union Fire Ins. Co. v. Ozburn, 51 Ga.App. 299, 180 S.E. 238; and Blaetz v. National Fire Ins. Co., Mo.App., 293 S.W. 504. While there are no authorities in Louisiana on the subject, we are disposed to follow the jurisprudence of the federal courts and our sister states in cases of this kind. Policy provisions requiring the insured to submit the amount of his loss to private appraisal, although valid, are somewhat in derogation of his right to have his dispute determined by the courts and should be strictly construed. And, where, as here, the policy makes it mandatory for the appraisers to determine the sound value of the insured property, their failure to do so cannot be regarded as harmless”.
Thus, the Supreme Court has specifically held such stipulations for an appraisal are valid, but that the estimation is not binding on the parties in the event the appraisers and umpire fail to discharge their duty of ascertaining the “actual cash value and loss,” the appraisal being subject to scrutiny by the court. The appraisal provisions work no divesture of a court’s jurisdiction.
In accordance with R.S, 22:691, the policy further provides:
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”
 The suit was prematurely filed in view of plaintiff’s refusal to comply with the requirements of the policy, and the exception was properly maintained. The penalty for filing a suit prematurely is dismissal. C.C.P. art. 423. For the reasons assigned the judgment appealed from is affirmed.
Affirmed.