199 So.2d 398 (1967)
Esther O. LAWRENCE et vir., Plaintiffs-Appellants,
v.
CONTINENTAL INSURANCE COMPANY, Defendant-Appellee.
No. 2031.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1967.
Michael F. Thompson, Lafayette, for plaintiffs-appellants.
Davidson, Meaux, Onebane & Donohoe, by Edward C. Abell, Jr., Lafayette, for defendant-appellee.
Before TATE, FRUGÉ, and HOOD, Judges.
TATE, Judge.
The plaintiffs' suit was dismissed for failure to implead an indispensable party. LSA-C.C.P. Art. 641. The plaintiffs had attempted to do so, but the indispensable party was dismissed from the suit since he was a non-resident and Louisiana could exercise no personal jurisdiction over him.
The trial court had concluded that the non-resident was an indispensable party by virtue of a clause in the defendant insurer's policy requiring his joinder at the election of the insurer. The plaintiffs contend, inter alia, that the clause is void insofar as violating a statutory provision prohibiting policy conditions which deprive Louisiana courts of policy claims.
Mrs. Lawrence, the plaintiff wife, had purchased a family automobile liability policy *399 from the defendant Continental's agent in Lafayette, Louisiana, the city of her domicile. Less than two months later she was involved in an accident in Illinois with an Illinois minor. The minor was uninsured. Consequently, she as named insured was protected by the "uninsured motorist" coverage making her insurer responsible to pay all her damages up to a certain limit for which the uninsured motorist might be held liable.[1] The insured wife and her husband sue Continental for the damages caused through the alleged negligence of the uninsured motorist.
In contending that the non-resident minor is an indispensable party, Continental chiefly relies upon a provision the company could require its insured making claim under the "uninsured motorist" coverage to join the uninsured motorist as a party defendant.[2]
The defendant-appellee through its able counsel persuasively contends that this policy provision is proper and sensible, since the insurer is entitledboth by statute (LSA-R.S. 22:1406D(4)) and by subrogation under the terms of its policyto recover from the uninsured motorist for sums for which held liable on his behalf. To require his joinder would thus ordinarily prevent a multiplicity of suits to determine the same question (the uninsured motorist's liability to the person insured), as well as prevent possible prejudice to the insurer should the trier of fact in the second or subrogation suit reach a different conclusion as to the negligence of the uninsured motorist or as to the amount of damages for which he was liable.
Nevertheless, when as here the uninsured motorist is a non-resident over whom Louisiana has no personal jurisdiction, the clause prevents a suit in Louisiana courts to enforce a claim upon this Louisiana-issued policy. To this extent, the clause is void, for the condition violates the statutory prohibition of LSA-R.S. 22:629 that no insurance policy issued or delivered in this state covering Louisiana residents shall contain any condition depriving the courts of this state of the jurisdiction of actions against the insurer.[3]
For similar reasons, our courts have declared void a clause under the uninsured motorist coverage by which the insurer attempted to reserve the right to compel compulsory arbitration of claims arising under the coverage. Spillman v. United States Fidelity & G. Co., La.App. 3 Cir., 179 So.2d 455; Macaluso v. Watson, La. App. 4 Cir., 171 So.2d 755.
The statute incorporates a public policy determination that no contract issued in Louisiana covering a Louisiana subject shall deny the Louisiana insured the benefit of a practical remedy in Louisiana courts, thus prohibiting a requirement that he litigate his claim in an inconvenient foreign *400 forum or submit to its adjudication by some private tribunal. The statute's command must be enforced, by reason of which the policy condition is void as violating the statutory prohibition.[4]
Absent any requirement of such a clause,[5] the claim under the coverage can be asserted without joining the uninsured motorist as a party. His interests are not so directly affected by the judgment that his joinder is required for the complete and equitable adjudication of the controversy, so as to be an indispensable party required to be joined by LSA-C.C.P. Art. 641. Any judgment against the insurer will not be res judicata as against him, since he is not a party to the suit. LSA-Civil Code Article 2286; cf., Boughton v. Farmers Insurance Exchange Co., Okl., 354 P.2d 1085, 79 A.L.R.2d 1245, 1251-1252 (1960).
We therefore find that the trial court incorrectly held that the non-resident motorist is an indispensable party. Consequently, it was in error to dismiss this suit after the plaintiffs were unable to secure joinder of the non-resident due to lack of personal jurisdiction over him. Accordingly, the judgment of the trial court dismissing the suit is reversed, and this case is remanded for further proceedings not inconsistent with the views expressed herein. The defendant-appellant is to pay the costs of this appeal.
Reversed and remanded.
NOTES
[1] The policy was a 1963 "Family Automobile" policy. Coverage J provided the uninsured motorist coverage, entitled in this policy "Family Protection Coverage" (Part IV).
[2] This provision is found as Condition 5 of the "Conditions" section of the policy. In full, it provides: "* * * After notice of claim under Part IV, the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against the company, the company may require the insured to join such person or organization as a party defendant."
[3] In full, LSA-R.S. 22:629 pertinently provides: "A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement: * * *

"(2) Depriving the courts of this state of the jurisdiction of action against the insurer; * * *
"B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."
[4] Somewhat similarly, an insurer could exculpate itself from its stipulated coverage of injuries caused by a hit-and-run automobile, if it were indeed entitled under all circumstances to compel joinder of the uninsured motorist by virtue of the clause in question. Such an obviously untenable result indicates that the clause cannot be construed inexorably to compel joinder under all circumstances, even to the extent of defeating the policy coverage or hampering its enforcement by requiring resort to a distant and possible inaccessible forum.
[5] The parties do not raise the contention that, even if the policy provision was not void as offending Louisiana public policy, nevertheless the uninsured motorist is at best really a "necessary" party who need not be joined for a complete adjudication, LSA-C.C.P. Art. 642, rather than an "indispensable" party who must be joined prior to an adjudication, LSA-C.C.P. Art. 641. We expressly do not pass upon this question.