AYRES, Judge.
This is an action by the owner of an automobile to recover from his insurer the value of the car which is alleged to be a total loss from having been submerged in Toledo Lake. Charges for storage of the car were also sought as were penalties and attorney’s fees for an alleged arbitrary refusal to pay the claim.
The car, to which a trailer was attached, rolled into the lake as plaintiff endeavored to load a boat on the trailer. The car remained afloat with its rear end above the water for approximately 30 minutes, after which it drifted some 20-30 feet from shore and sank in 15 feet of water, where it remained two hours or more while efforts were pursued to retrieve it.
After trial, the court found that the car was a total loss, for which plaintiff was awarded $4,150.00. The court further found that failure to pay the claim was arbitrary, capricious, and without probable cause, and awarded penalties at the rate of 12% on the aforesaid sum and $1,000.00 as attorney’s fees. Defendant was allowed a credit of $321.00, which was determined by subtracting storage charges against defendant in the amount of $679.00 from the sum of $1,000.00 received as the salvage value of the automobile.
From a judgment in accordance with the aforesaid, defendant appealed.
Defendant-appellant assigns as error actions of the trial court in these respects: (1) in failing to find that plaintiff had breached the provisions of the insurance contract requiring an appraisal of plaintiff’s loss; (2) in concluding that the car was a total loss; (3) in its determination of the car’s value immediately preceding the accident; (4) in awarding penalties and attorney’s fees; and (5) in assessing excessive storage charges.
As his first assignment of error, defendant contends that plaintiff is not entitled to any recovery under the policy on the ground that plaintiff breached his insurance contract by his failure and refusal, on demand, to submit to an appraisal of the loss allegedly sustained by him. Defendant maintains that an insured may not bring an action against an insurer until the insured complies fully with all the terms of the policy. To support the contention that plaintiff is not entitled to recover, defendant relies on the following policy provisions :
“No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

*287 “No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy nor, under Part III, until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy.
* * * * * *
“If the insured and the company failed to agree as to the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In such event the insured and the company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.
“The company shall not be held to have waived any of its rights by any act relating to appraisal.” (Emphasis supplied.)
In addition, defendant cites the following cases as authority that a clause in an insurance contract requiring appraisal of a loss is valid and enforceable. Hart v. Springfield Fire & Marine Ins. Co., 136 La. 114, 66 So. 558 (1914); Branch v. Springfield Fire & Marine Ins. Co., 198 La. 720, 4 So.2d 806 (1941); Martin v. Home Ins. Co., 16 La.App. 216, 133 So. 773 (1931) ; Girard v. Atlantic Mutual Insurance Company, 198 So.2d 444 (La.App., 4th Cir. 1967).
Asserting the invalidity of defendant’s contentions, plaintiff maintains that the aforesaid policy provisions are ineffective in view of the declarations of the Insurance Code, LSA-R.S. 22:629, as amended and reenacted by Acts 1958, No. 125, which, so far as pertinent, recite :
“No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:
>{s ‡ ijs sji sft
“Depriving the courts of this state of the jurisdiction of action against the insurer ; .
i}: % ‡ ijt ;|g 5^4 >>
Plaintiff moreover relies upon and urges as applicable Bergeron v. Gassen, 185 So. 2d 106 (La.App., 4th Cir. 1966), and the provisions of LSA-R.S. 22:1406D(5) which state:
“The coverage required under this Subsection may include provisions for the submission of claims by the assured to arbitration; provided, however, that the submission to arbitration shall be optional with the assured, shall not deprive the assured of his right to bring action against the insurer to recover any sums due him under the terms of the policy, and shall not purport to deprive the courts of this state of jurisdiction of actions against the insurer.”
In the Bergeron case our brethren in the Fourth Circuit observed:
“Bergeron’s policy with Gulf provides for arbitration of uninsured motorist claims. Compulsory arbitration is no longer permissible under Louisiana law. LSA-R.S. 22:1406; Spillman v. United States Fidelity And Guaranty Co., La.App., 179 So.2d 454; Macaluso v. Watson, La.App., 171 So.2d 755. However, insurance contracts may validly contain arbitration clauses, and LSA-R.S. 22:1406 specifically provides that submission of a matter to arbitration is optional with the insured.” (Latter emphasis supplied.)
185 So.2d 106, 108.
At the outset, we note that the Bergeron case, as well as those cited in the' passage quoted above, and LSA-R.S. 22:1406 are inapplicable to the present case, since the *288 statute and the cases deal with arbitration of claims made under the uninsured motorist coverage provided for by LSA-R.S. 22:1406. In contrast, the present action was brought under the comprehensive coverage provisions for physical damage (excluding that caused by collisions). The principal dispute between plaintiff and defendant was whether the car was a total loss or repairable.
We find the appraisal clause in this policy, which contains the mandatory word “shall” throughout, is violative of the provisions of LSA-R.S. 22:629 in that it has the effect of depriving the courts of this State of jurisdiction in an action against an insurer. The first three cases cited by defendant and listed above are inapplicable, since they were all decided prior to the enactment in 1948 of LSA-R.S. 22:629.
The defendant apparently concedes any policy provision with reference to compulsory arbitration would be inimical to the laws of this State as an undertaking to oust the authority and the jurisdiction of the courts to determine and resolve questions of law and of fact, both of which are invariably made issues in actions of this character.
Defendant, however, would make a distinction between arbitration and appraisal, as was sought to be made by our brethren of the Fourth Circuit in Girard v. Atlantic Mutual Insurance Company, supra. Under the language of the policy herein concerned, the distinction is apparently without a difference. The only distinction appears in denominating arbitration as an appraisal. To the extent that the case may be said to approve mandatory appraisal clauses such as the one contained in the policy before this court, we respectfully disagree with the decision in Girard.
LSA-R.S. 22:629 specifically proscribes any insurance provision which would have the effect of depriving the courts of this State of jurisdiction in an action against an insurer. The declaration in the insurance policy that “The appraisers shall state separately the actual cash value and the amount of loss and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss” can only mean that the prerogative of determining the amount of loss is conferred upon the appraisers and the umpire. Applying such an interpretation would effectively strip the court of jurisdiction to determine the issue of extent of loss. Thus, the policy provision is clearly inimical to the laws of this State and as such is null and void. If the clause is not accorded the above-stated purpose, it is without meaning or purpose and, as such, would add nothing to the policy.
Nor do we find any merit in Assignments of Error Nos. 2 and 3, which relate to the value of the car and its loss. The great preponderance of evidence- is that the subject car, having been submerged in water, was damaged beyond repair. The car here involved, a 1968 model Cadillac Calais Coupe, was equipped with power steering, power brakes, air conditioning, heater, radio with automatic aerial, electric seat, electric window lifts, leather upholstery, twilight sentinel lights, and five new radial tires. Evidence to the effect that this car was a total loss is based upon the mechanism of the car, its many delicate parts, including electrical wiring and motors, and, in general, to the likelihood of rust and corrosion to the motor, its cylinders, pistons, valves, and many other working parts, particularly to the unprotected, not readily discernible areas.
The dealer from which plaintiff purchased the car had had experience with other submerged vehicles. Continued justifiable complaints from the purchaser of a submerged vehicle were so constant and well-founded that the dealer eventually junked it. At no price would the dealer accept the subject car as a trade-in. No garage or mechanic was found who would undertake the repair of the car or who. would warrant satisfaction with a repair job. The impossibility of the restoration *289 of the car, to any reasonable degree of satisfaction with the work required to be done, was thoroughly established.
Nevertheless, the defense contends a car is only a total loss when the cost of repairs exceeds the value of the vehicle and complains that plaintiff did not establish what it would have cost to repair the damage. This contention, where applicable, would possess merit but not in the situation presented here. The car, as stated and as described above, was damaged beyond repair. Therefore, the establishment of the cost of labor and materials necessary for its repair is a matter of no importance. Such an undertaking would have been, in view of the car’s total loss, a useless formality. We are in accord with the conclusion reached by the trial court that the car is a total loss.
Plaintiff purchased the car as a used vehicle on February 5, 1970, at a price of $3,795.00 plus a sales tax of $61.25. On the day of the purchase the car was equipped with five radial-type tires costing approximately $375.00. (The four radial tires on the car were deflated when the car was lifted from the bottom of the lake.) The speedometer reading on the day of the accident, May 9, 1970, was approximately 22,000 miles. A handbook titled N.A.D.A. Book of Value, of the National Automobile Dealers Association, shown to be an official evaluation guide of the Used Car Dealers Association, disclosed that the car had a retail value of $4,240.00 at the time of the accident. Tommy W. Tomlinson, a used-car dealer since 1938, and others corroborated the car’s value as shown in the guide.
The insurer’s fourth assignment of error was that the trial court erred in awarding penalties and attorney’s fees under LSA-R.S. 22:658 which provides such an award when an insurer fails to pay an insured’s claim within 60 days of proof of. loss under circumstances which are arbitrary, capricious, and without probable cause. Whether or not an insurer’s actions constitute a violation of the provisions of the statute is not to be judged in retrospect or on the basis on which litigant prevails, but is a matter to be determined only in view of the situation of each individual case at the time the insurer is obligated to act.
 The dispute between the insured and the insurer was whether the damage to the car was total or only partial and repairable. Defendant’s position was supported by reports from its adjusters that the car could be repaired at a cost of less than the value of the car. That it was subsequently established during the trial that the car was a total loss is of no importance in resolving this issue. It cannot be said to have been arbitrary on the insurer’s part to withhold payment when a reasonable, bona fide basis existed for the claim that the damage to the car could be repaired. Moreover, LSA-R.S. 22:658, which authorizes the award of penalties and attorney’s fees in appropriate cases, is a penal statute and, as such, must be strictly construed. Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338 (1957); Ranzino v. Allstate Insurance Company, 210 So. 2d 907 (La.App., 1st Cir. 1968). Hence we conclude grounds for the recovery of penalties and attorney’s fees have not been established to that degree of certainty to support a judgment.
However, we find no merit in the claim under Assignment of Error No. 5 that the storage charges were excessive or that the period covered was so extended or prolonged by the insured that the insurer should be relieved of their payment. As heretofore noted, the primary contention between the parties was a question of the total loss of the car. In the event of a finding in the insured’s favor, the insured would, under the terms of the insurance contract, be entitled to the salvage. It is not contended that in the protection or preservation of the salvage the storage of the car was unnecessary or that *290 the charges were exorbitant. Preservation of the salvage for the benefit of the insured, in the event the loss was found to be total, was in the interest of the insurer. The period of storage was not shown to have been unnecessarily extended or prolonged through the fault of the insured.
For the reasons assigned, the judgment appealed is amended by deletion of the award of penalties and attorney’s fees; and, as thus amended, it is affirmed at defendant’s costs.
Amended and affirmed.