JiDECUIR, Judge.
This appeal arises from a judgment of the trial court that confirmed an arbitration award in favor of Production Wireline Services, Inc. (Production Wireline) and against Trans-Tech International Wireline Services, Inc. (Trans-Tech). In the arbitration proceeding, the arbitration panel ordered Trans-Tech to pay Production Wireline $54,-000 together with 8% interest on the unpaid balance from December 3, 1991, until February 1, 1995, and 18% thereafter until paid. The compensation and expenses of the arbitrators, the administrative fees, and the expenses of the American Arbitration Association were shared equally by Production Wireline and Trans-Tech. The trial court confirmed the arbitration award, finding no statutory ground to vacate the decision of the arbitration panel.
Trans-Tech appeals contending that the trial court erred in failing to vacate the arbitration award. Trans-Tech argues that the arbitration panel failed to render written reasons for its decision in contravention of the arbitration agreement, and that |2as evidenced by the written notes of one of the arbitrators, the final decision is the result of a material miscalculation. It also argues that the arbitration panel exceeded its authority by awarding interest in excess of legal interest.
Production Wireline timely answered the appeal, asking us to award damages for a frivolous appeal. It contends that Trans-Tech used the appellate process solely as a means to delay resolution of this litigation.
FACTS
In December 1991, Production Wireline sued Trans-Teeh, alleging breach of contract, tortious interference with contract, unjust enrichment, and collection on an open account. On May 6, 1994, Production Wireline and Trans-Tech entered into a written agreement to submit this litigation to binding arbitration.
An arbitration panel consisting of three members heard the evidence of the parties from October 26, 1994, to October 28, 1994. On November 30, 1994, a majority of the arbitrators entered a decision in favor of Production Wireline.[1] In an amended decision dated January 19, 1995, the arbitration panel amended its decision to reallocate costs from Trans-Tech to- equally distribute the costs between Trans-Tech and Production Wireline as provided in the parties’ binding-arbitration agreement.
*482 When Trans-Tech failed to abide by the arbitration decision, Production Wireline filed a motion in district court to confirm the arbitration award. Trans-Tech filed a cross-motion seeking to vacate the award or alternatively, to modify it. The trial court granted Production Wireline’s motion to confirm the arbitration award and dismissed Trans-Tech’s cross-motion. This appeal followed.
^CONFIRMATION OP THE ARBITRATION PANEL’S DECISION
Trans-Tech contends that the trial court erred in confirming the decision of the arbitration panel. It first argues that the arbitration decision should be overturned because the arbitrators failed to set out their reasons for judgment as provided by the parties in their arbitration agreement. In opposition, Production Wireline asserts that the parties never contemplated that the panel of arbitrators would submit written reasons, and that the submission agreement does not contain such a requirement.
The portion of the arbitration agreement upon which Trans-Tech relies provides as follows:
That appearers agree that the decision of the arbitrators need not be unanimous, but by majority ruling, and that whatever decision is rendered shall be binding, with the parties specifically agreeing to waive all further legal action which is presently asserted or which could be raised at the present time. The parties also agree to comply with the findings and decision of the Board.
There is no statutory requirement in Louisiana that written reasons for an arbitration award be rendered. Hill v. Cloud, 26,391 (La.App. 2 Cir. 1/25/95); 648 So.2d 1383. Nevertheless, as stated in Transcontinental Drilling Co. v. Davis Oil Co., 354 So.2d 235 (La.App. 4 Cir.1978), the parties to an arbitration proceeding may require written reasons in their agreement to submit to arbitration. In the present case, Trans-Tech relies upon the pronouncement in Transcontinental to support its argument.
Initially, we note that although Trans-Tech referred to this argument in its memorandum in support of its cross-motion to vacate the arbitration decision, it presented no evidence to support its contention at the trial court hearing on February 6, 1995, that the parties’ intent was that written reasons would be provided.
It is well-settled that a moving party has the burden of proving its contention by a preponderance of the evidence. Since, in the present case, Trans-Tech presented |4no evidence to support its assertion, we find that Trans-Tech failed to carry its burden of proof. Notwithstanding, we have reviewed the four corners of the arbitration submission agreement and find that the language of the arbitration agreement does not call for the panel to render written reasons for its decision.
In its second argument, Trans-Tech relies upon correspondence Production Wireline sent to the arbitration panel after rendition of the arbitration decision. Trans-Tech asserts that this correspondence shows Production Wireline contemplated that the panel was required to submit written reasons to support its decision.
We have carefully reviewed Production Wireline’s correspondence dated December 20, 1994, and do not find that it supports Trans-Tech’s argument. The letter makes no reference to the arbitration submission agreement and indicates nothing that could be construed as an acknowledgment on Production Wireline’s part of a requirement in the agreement for written reasons. Instead, the letter references correspondence from Trans-Tech and merely states that Production Wireline was not opposed to Trans-Tech’s post-decision request of the arbitrators to provide reasons for the award. Accordingly, we find no merit to Trans-Tech’s assertion.
In its third argument, Trans-Tech contends that the notes of Guy Smith, one of the arbitrators, indicate that this arbitrator did not find that there was a legal basis to impose liability on Trans-Tech and that this provided a miscalculation upon which we *483 might ground a determination to vacate or modify the arbitration award.
It is firmly established by statute and recognized in the jurisprudence that under the Louisiana Arbitration Law, a reviewing court may not substitute its own judgment for that of the arbitrators. La.R.S. 9:4201 et seq.; Transcontinental Drilling Co., 354 So.2d 235. As stated in Macaluso v. Watson, 171 So.2d 755 (La.App. 4 Cir.1965):
This authority [of a reviewing court] ■ to vacate, modify, or correct the award is limited in Sections 4210 and 4211 to cases involving fraud, | scorruption, prejudicial misconduct, excess of authority, error of description, miscalculation of figures, etc., and the right of appeal is also limited to the order of confirmation, modification, correction, or vacation. These sections clearly limit the function of the court and deprive it of jurisdiction of the basic legal and factual question of liability as well as quantum.
Id. at 758. (Footnote omitted).
In the case sub judice, Trans-Tech characterizes Guy Smith’s signing of the arbitration decision in favor of Production Wireline as a miscalculation of figures since his written notes indicate a contrary outcome. By framing its argument in this manner, Trans-Tech attempts to draw the issue within the tightly drawn statutory limitations in which an arbitration award may be vacated. We find Trans-Tech’s argument misplaced.
Essentially, Trans-Tech’s argument is that since the notes show that the arbitrator could not find a legal basis to east Trans-Tech in judgment, there is no basis for his ultimate vote which found Trans-Tech liable. In making its argument, Trans-Tech does not rely on arithmetical errors and does not bring any to our attention. Rather, after carefully considering the issue, we find that Trans-Tech’s argument constitutes nothing more than a backdoor attempt to have us review the arbitration panel’s ultimate decision.
Despite the arbitrator’s contrary indications in his notes, we find that Trans-Tech fails to consider that these were not the arbitrator’s final conclusions and may not reflect the arbitrator’s thoughts after concluding deliberations with his colleague. Moreover, Trans-Tech’s argument overlooks this arbitrator’s reaffirmation of his decision. When the panel was presented with a post-decision opportunity to clarify and correct its ruling, Guy Smith reaffirmed his earlier decision in all respects, except to cast the parties equally with costs. In view of these deliberate actions of the arbitrator, it is evident that the arbitrator’s vote cannot be impugned. Accordingly, |6we find that Trans-Tech’s characterization constitutes nothing more than a Procrustean attempt to force the facts to fit its argument.
In making this determination, we note that the appellate jurisprudence of this state has adopted a similar approach to a ruling of the district court which cannot be reconciled with written reasons for judgment. In Thurman v. Thurman, 521 So.2d 579 (La.App. 1 Cir.1988), our fellow judges of the First Circuit stated:
A final judgment can be inconsistent with the written reasons for judgment. Written reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment. Prior to final judgment, a trial judge may, at his discretion, change the substance or the result of interlocutory rulings. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir.1980). If a disparity exists between the judgment and the written reasons for judgment, the final judgment is definitive.
Id. at 581.
After viewing the reasoning in Thurman, we see no reason to treat the arbitrator’s notes any differently. Therefore, we find no merit to Trans-Tech’s argument.
AWARD OF INTEREST
Trans-Tech next contends that the arbitrators exceeded their powers under La.R.S. 9:4210 by awarding 18% interest per annum on the unpaid balance owed Production Wire-line.
As stated hereinabove, our authority to review a decision of the arbitration panel is limited. Mt. Airy Refining Co. v. Clark *484 Acquisition, Inc., 470 So.2d 890 (La.App. 4 Cir.), writ denied, 476 So.2d 351 (La.1985); State Through Division of Admin. v. Algernon Blair, 445 So.2d 133 (La.App. 3 Cir.1984). However, La.R.S. 9:4210 provides that a court may vacate an award “where the arbitrators exceeded their powers.”
pin the present case, the arbitration panel awarded interest in the amount of 18% per annum on any portion of the judgment or interest remaining unpaid as of February 1, 1995. This award exceeded their authority under Louisiana law.
La.Civ.Code art. 2924 sets the legal limits for interest in this state. Any rate higher than the established rate is deemed usurious. Our supreme court has stated explicitly that “usury is against public policy and that excessive rates of interest agreed upon are not to be sanctioned unless they fall within the express provisions of the law.” Chadwick v. Menard, 104 La. 38, 28 So. 933 (1900); Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973).
The powers of the arbitrator under Louisiana law are undoubtedly broad. However, we find no express law authorizing arbitrators to award usurious interest rates. Likewise, our review of the jurisprudence has produced no authority of an arbitrator to violate the public policy of the State of Louisiana. To the contrary, La.Civ.Code art. 7 provides that no person may by their juridical act derogate from laws enacted for the protection of the public interest. Any act in derogation of laws enacted for the protection of the public interest is an absolute nullity. La.Civ.Code art. 7.
Accordingly, we find that the arbitration panel’s award of usurious interest as defined in La.Civ.Code art. 2924 exceeds their authority. Therefore, pursuant to La. R.S. 9:4210 we vacate the award of 18% interest per annum on the judgment and interest unpaid as of February 1, 1995. Interest will, therefore, accrue at the rate of 8% per annum from December 3, 1991 until the judgment and interest are paid.
ANSWER TO APPEAL
In its answer to the appeal, Production Wireline requests that we award damages against Trans-Tech for taking a frivolous appeal. As we have found Trans-fTech’sg appeal valid, this request is denied.
For the foregoing reasons the judgment of the trial court is reversed insofar as it confirms the arbitration panel’s award of 18% interest per annum. In all other respects the judgment of the trial court is affirmed.
REVERSED IN PART, AFFIRMED IN PART.
KNOLL, J., dissents and assigns reasons.

. Although three members were on the panel, only two joined in the decision. The third panel member was not in the United States when the panel voted. Pursuant to the parties' arbitration agreement, only a majority of the panel was required to render a decision.